FERRALL v. IRVINE, Administrator.

1. EQUITABLE RELIEF.  The equitable relief contemplated by ? 1373, Code of 1851, will not be granted to party who had full notice of the decease of the intestate and the appointment and qualification of an administrator, and was negligent in the prosecution of his demand.

*Appeal from Jasper District Court.*

SATURDAY, JUNE 8.

IT appears that the plaintiff was appointed administrator of the estate of A. B. Ferrall in June 1856, of which due notice was given.   In May 1857, he resigned this position, and was succeeded by one Hart, who in March 1859, was succeeded by the present defendant.   The petition in this

case was filed in the District Court, with the consent and approval of the county judge, November 2, 1858, and claims four thousand dollars as, and for, money paid for the use and benefit of the intestate. Defendant answers, setting up among other things, that the claim of plaintiff was not filed and proved within one year and a half after the giving of the notice by the administrator, and was therefore barred, there being no peculiar circumstances entitling plaintiff to equitable relief. To this there was a replication stating substantially the following facts: That plaintiff at the time of his appointment as administrator was a resident of Ohio, and so continues to be; that on the 2d of May, 1857, when he resigned as administrator, he and said Hart, his successor, met in the office of the county judge of Jasper county, where he presented to Hart an account against said estate for $600, which was a part and parcel of the same debt for which this suit is brought; that he requested Hart to allow the same; that Hart knew all the facts out of which the indebtedness arose; that there was considerable conversation on the subject between Hart, the county judge and plaintiff; that Hart made no objection to the correctness of the account; that plaintiff had a much larger account against said estate, and that the account of $600, was presented in accordance with a compromise between plaintiff and Hart; that Hart gave him to understand that he would allow the account; that it was handed to the county judge, to be by him filed, in the presence of Hart; that he supposed the same was filed with the county judge, and allowed by the administrator at the time; that plaintiff returned to Ohio under the belief that said account had been allowed; that he had no knowledge to the contrary until in October, 1858, when he took immediate steps to have the same audited and allowed, by the institution of this suit. To this replication there was a demurrer, which was sustained, and plaintiff appeals.

*Seevers* and *Rice* for the appellant.

*Kasson* and *Ingersoll* for the appellee.

WRIGHT, J.—The District Court did not err in sustaining this demurrer. The language of the statute is, that all claims of this class, if not filed and proved within one year and a half of the giving of the notice required by § 1357, are forever barred, unless the same are pending in the District or Supreme Court, or unless peculiar circumstances entitle the plaintiff to equitable relief. (Section 1373.)

It was no excuse for his failure to present his demand for allowance, that he could not present the same to himself as administrator. The statute, § 1369, provides expressly for such a case. He could not serve as such administrator in any matter connected with his claim, but by the statute it was the duty of the county court to appoint a temporary administrator to protect the interests of the estate.

Administration was granted then on this estate in June, 1856, and the notice given within thirty days thereafter, the plaintiff being administrator. This action was brought in October, 1858, or about two years and four months after the giving of the notice required by the statute. And all that plaintiff states as an excuse for not sooner filing and proving the same amounts to nothing. There was no fraud, no accident, no mistake. He avers "suppositions and understandings" on his part, without showing that he had any good reason to suppose, or understand what he states, and least of all, that he did so from any action of the administrator. It was his duty to see that his claim was filed and proved, and in the absence of some fraud, accident or mistake, it is not sufficient that he believed that it had been allowed. Not only so, but he does not pretend even that he had reason to believe that the county judge had approved or passed upon his claim. Then again, that was a demand of $600, and he now claims $4000. And indeed, in any view that may be taken of the case, it seems to us that if the facts

stated in this replication can be regarded as sufficient to entitle the plaintiff to equitable relief, then the statute would be without practical force or meaning. Unless the party brings himself within the excepted cases, his claim, if not filed and proved within eighteen months is *forever barred.* The provision is a wise and necessary one, and we are not disposed to grant the equitable relief contemplated to a party who has full knowledge of the decease of the intestate, and the granting of letters of administration, but who shows negligence instead of diligence in the proof of his demand.

Affirmed.