BREWSTER v. KENDRICK, Administratrix.

I. Per CURIAM.

1. Executor: LIMITATION OF CLAIMS. Section 2405 of the Revision of 1860 should not be so construed as to encourage delay in the settlement of estates. Each case arising under the section must be determined upon its own particular circumstances.

II. Per WRIGHT, Ch. J.; DILLON, J., concurring.

2. —— CLASSES OF CLAIMS. When a claim, otherwise barred by said section, is allowed upon the ground of peculiar, equitable circumstances, the class in which it shall be paid should also be determined from such circumstances.

III. LOWE and COLE, JJ., dissenting.

3. —— A claim, barred by the language of said section, but allowed upon the ground of peculiar, equitable circumstances, should be paid as a fourth class claim.

*Appeal from Muscatine District Court.*

FRIDAY, DECEMBER 9.

ADMINISTRATION was granted to the defendant, as the administratrix of the estate of her deceased husband, An-

drew D. Kendrick, in May, 1857, and notice of her appointment was given in the latter part of the same month by due publications in the newspapers. On the 2d of July, 1860, plaintiff filed his claim against the said estate, founded upon a note and mortgage made by the decedent in the spring of 1855. The court below, affirming the judgment of the County Court, held that, though the claim was filed more than eighteen months after the giving of the notice by the administratrix of her appointment, it should, nevertheless, under the peculiar,. equitable circumstances, be allowed and admitted as though filed within six months after the giving of such notice, or as a third class claim. From these orders defendant appeals.

*J. Carskadden* for the appellant.

*Richman & Bro.* and *D. C. Cloud* for the appellee.

WRIGHT, Ch. J.—Two questions are made: *First,* Was plaintiff's claim barred in the light of the statute, § 2405; and, *Second,* If not barred, could he properly be let in as a third class creditor. The statute, after providing for the payment of certain preferred debts against the estate of a decedent, directs that other demands are payable in the following order:

1. Debts entitled to a preference under the laws of the United States;

2. Public rates and taxes;

3. Claims filed within six months after the notice given by the executors of their appointment;

4. All other debts.

And then follows § 2405, which is, that "All claims of the fourth of the above classes, not filed and proved within one year and a half of the giving of the notice aforesaid, are forever barred, unless the claim is pending in the Dis-

trict or Supreme Court, or unless peculiar circumstances entitle the claimant to equitable relief."

We are not disposed to recognize any rule or countenance any practice which will tend to retard the speedy settlement of estates. We believe the spirit of the statute accords with the interest of heirs and all those interested in the assets of the estate, in requiring administrators to be prompt and expeditious in the discharge of their duties, and creditors to be diligent in the presentation and establishment of their claims. And yet there may be cases, and the section above quoted recognizes them, when the delay shall not operate as an absolute bar, and when, to deny the creditor relief, would be manifestly inequitable and unjust. Negligence, however, can never afford a passport to the relief contemplated by the statute. The creditor should be diligent, and the amount of his diligence is always to be measured by the circumstances surrounding him, taken in connection with the condition of the estate, and its administration at the time the relief is sought. Each case must be determined, to a great extent, from its own circumstances, keeping in view the spirit of the law, and the rights and duties belonging to and devolving upon those interested in establishing and resisting the claim.

1. EXECU- TOR: limitation of claims.

In the case before us, the first question presented is one of fact rather than law. Plaintiff's claim is barred by the express language of the statute, unless the circumstances show that he is entitled to equitable relief, for he does not claim that his demand was pending in the District or Supreme Court. The question, therefore, is, whether under the facts he is entitled to this relief. It will be observed that the statute does not except from the limitation, cases where the remedy of the party would be equitable rather than legal. It is not the character of the remedy which is to govern, but the court is to look at all the circumstances

and determine whether they are such, or in the language of the statute, whether they are so "peculiar" as to excuse the delay in filing and proving the claim, and whether, consistently with the interest of the estate, it should be audited and paid. And in determining such a question, it would generally make but little if any difference whether the claim in its origin was purely legal, or whether it could be enforced alone in an equitable forum. In its consideration, however, the flexible rules of the equitable tribunal, rather than the stern and strict rules of the law, are to govern. In the light of what we believe to be the spirit and policy of the statute, the rules above recognized, what is due to the interests of estates and the rights of creditors, and after fully examining and considering all the facts surrounding this claim, we are not prepared to say that the court below erred in allowing the same. Our conviction is, that the delay in its presentation was attributable not so much to the laches or negligence of plaintiff as to his ignorance for awhile that he had a claim against the estate, and still more to the conduct and promises of the administratrix in relation to its payment or adjustment. The note was made to plaintiff's assignor by the decedent, as the agent or attorney of his brother, Samuel Kendrick. After his death, and more than six months after notice of administration, in an action commenced against Samuel, it was developed that Andrew D. (the decedent) had no authority to thus bind his brother, and thus, for the first time, did plaintiff know that Andrew D., and not Samuel, was his debtor. The administratrix and widow seemed at once to treat it as a claim to be paid from the assets of her husband's estate, to be desirous to avoid any further exposure of the transaction, to prefer, if possible, to arrange it herself, by giving security upon property which she supposed would not be necessary to pay other debts. And thus it occurred that negotiations and efforts were made from time

to time to settle the matter, until plaintiff, finding that what he styles his "collateral securities," as well as all other property, would have to be, and were about to be sold to pay debts, presented and insisted upon the allowance of his debt against the estate. In addition to this, it appears that the larger part of the claims against the estate, are held by the relatives of the decedent and the administratrix; that the estate is still unsettled, and that a dividend had been made among creditors, but retaining the *pro rata* share to which plaintiff would be entitled if his claim should be finally allowed. The amount of the claim as allowed, is about $1,835, and it is reasonably certain, that if not allowed as a third class claim, plaintiff will lose his debt entirely, there being no funds to pay the fourth class demands.

In view of these facts, two or three considerations present themselves prominently as entitling plaintiff to this relief. And, first, he had no knowledge that he had a claim against the estate, until it was too late to file it as a six months' debt. In the second place, it is but too manifest that his failure to take any steps against the estate, was occasioned by the conduct and promises of the administratrix. She evidently regarded the assets as abundantly sufficient to pay all the liabilities, and preferred, for some reason, to arrange this matter in some outside manner, and it was not until the real estate depreciated under the crisis commencing in 1857, and it was found that the property would all be exhausted, that she was compelled to abandon her bright anticipations, and at the same time changed her course in relation to this claim.

But a most controlling consideration is, that the estate remains unsettled. The assets have not been distributed, and had not when this claim was filed. That equality which is equity dictates as a rule that the assets of an estate should be paid to creditors in proportion to their

demands. And when the estate remains undistributed, all should be paid if there are sufficient means, and if not, then *pro rata*, unless there exists some legal difficulty, or unless to so order would work injustice to others having higher or equal claims upon the funds. Creditors, if actually in the same class, are entitled to no preference. And if the circumstances are such as to show that a creditor ought, in equity, to be placed there, then the estate being undistributed, ought to be given to him in the same proportion as if he had filed his claim in due time, and stood upon a legal instead of an equitable right. For, in such a case, the party will be treated as occupying the position to which he would have been entitled if ever so active and diligent.

This brings us, however, to the consideration of the second question made in the case, to wit: Was plaintiff

2. — Classes of claims. properly placed in the list of *third* class creditors? Upon this question the members of this court are equally divided in opinion, and, as a consequence, the judgment of the court below must stand affirmed. The writer of this opinion maintains the position (in which it is understood Mr. Justice DILLON concurs) that, under the statute, if the "peculiar circumstances" are such as entitle the party to equitable relief against the statutory bar, he is to be placed in that class to which he properly and equitably belongs. In other words, if it appears that such creditor had a good and sufficient reason for not filing his claim within six months, and such or other satisfactory reasons obtain until he does file the same, then he is to be treated — no other equities intervening to control the question (as that the estate has been settled) — as having been diligent according to the statute, and to have presented his debt for allowance within said six months. Or still again, it is held, that the class to which a creditor belongs who files and proves his demand after the year and a half, is to

be determined from all the circumstances, but, that while as a rule he must go into the fourth class, it does not follow as a legal consequence that he cannot be placed in the third. On the other hand, the other members of the court are of the opinion that such delinquent creditor can only have his demand allowed as a fourth class claim, that but for the peculiar equities contemplated by the statute, the claim would be absolutely barred, and that if allowed at all, it must and can only be as one to be paid after the satisfaction of third class demands. Their construction of the statute is, that if the creditor files his claim after the expiration of the eighteen months, the bar can only be removed if he has sufficient equities to let him into the *fourth* class, and that he cannot be classed as a six months' creditor if his claim is filed at any time after the expiration of said six months; that the statute refers to fourth and not to third class claims, or in other words, that the court can only remove the bar, and that the law fixes the class to which it belongs.

It is not proposed to do more than thus state the two constructions placed upon the statute. The considerations justifying these different views, it is not deemed necessary to offer at this time. Agreeing upon the first question, and differing upon the second, it only remains to announce that the judgment below stands

Affirmed.