## SHOMO v. BISSELL, Administrator.

1. **Execution and administrator: ALLOWANCE OF CLAIMS: EQUITABLE CIRCUMSTANCES.** A claimant should be held to very strict proof of equitable circumstances which would warrant the allowance of a claim filed years after the granting of administration, and after the final report and settlement with the administrator. And this is especially true when the claimant knew all the time of the debtor's death, and of the circumstances upon which he relies.

*Appeal from Dubuque District Court.*

MONDAY, JANUARY 29.

BISSELL is the administrator of the estate of A. W. Lyman, who died in September, 1856. Notice of administration was given and completed in November of that year. Lyman was plaintiff's partner from 1850 until 1854. In May, 1864, plaintiff filed in the County Court his claim against said estate growing, for the most part, out of said partnership business, amounting to over $6,000. He was unsuccessful in the County and District Courts, and prosecutes this appeal.

*Barker & McNulty* for the appellant.

*Bissell & Shiras* for the appellee.

WRIGHT, J.— If it appeared, as plaintiff claims, that the District Court disposed of the case by sustaining defendant's motion filed in the County Court "to dismiss the claim," we should be inclined to the opinion that such an order would have been erroneous. The record shows, however, that, on the appeal, the claim was heard on the "pleadings and stipulations" of the parties, and judgment rendered for the defendant.

1. EXECUTOR AND ADMINISTRATOR; allowance of claims; equitable circumstances.

Plaintiff's claim was filed more than eighteen months after notice by the administrator of his appointment; it was not pending in the District or Supreme Court, and the only question is, whether there exists any peculiar circumstances which entitle the claimant to equitable relief, within the meaning of § 2405 of the Revision.

He relies principally upon two circumstances. The first is, that, some time before Lyman's death, they agreed to and did refer all matters in difference between them to the present administrator and one Randall for settlement; that they entered upon the discharge of their duties, but never concluded their labors; that plaintiff frequently applied to the arbitrators, and to the administrator, to have some disposition of the business, and expected that this award would be made, until a short time before filing this claim. The second is, that the administrator, in July, 1857, filed his petition to sell real estate, and, in giving a statement of the claims, referred to plaintiff's, as amounting to $4,000. (No such sale was ever made, however.) This is the substance of the grounds upon which plaintiff asks relief.

Under some circumstances these alleged facts would be entitled to much, if not controlling weight. It will be seen, however, that this claim was filed seven years and a half after the grant of administration, and six years after the time limited by the statute. In addition to this, it seems that the administrator made reports in 1857 and 1862, and a *final report* in April, 1864. Plaintiff held all the time, according to his showing, a claim of over $6,000, and to our minds it is most extraordinary that he should do nothing towards filing or proving it up for more than seven years. In every instance in which we have granted relief in this class of cases, the estate remained unsettled and undistributed; and claimants should be held to very strict proof when they come in after final settlement and seek to interfere, either with payments already made, or to

subject still other property to the payment of their debt. The fact of final settlement, and especially when made, as in this case, years after the grant of administration, is a most controlling circumstance under the statute. The case of *Brewster* v. *Kendrick*, 17 Iowa, 479, to which this case is more assimilated, perhaps, than any heretofore decided, turned almost entirely upon the fact that there had been no final settlement. Then, again, in this case plaintiff knew of his debtor's death, and knew that one of the arbitrators, by his appointment as administrator, occupied such an adverse relation that he could not longer hear and determine the matters in dispute. He must have known, also, that the law required that he should file his claim within eighteen months, and that the pending arbitration did not necessarily excuse him from doing this, if he would prevent the bar of the statute.

Without further reference to the facts, we conclude that the claim was properly rejected, and the judgment below is, therefore, affirmed. Upon this subject see *McCormack* v. *Cook*, 11 Iowa, 267; *Ferrall* v. *Irvine*, 12 Id., 52; *Preston* v. *Day*, 19 Iowa, 127.

Affirmed.