## PRESTON V. DAY, Executor.

1. **Executor:** LIMITATIONS: CLAIM FOR RELIEF. When the petition in an action against an executor alleged that the decedent, at the date of his death, held notes against the plaintiff, that they were presented to the plaintiff for payment, by his executor, soon after the death of the decedent; that the executor was then informed of the existence of the account in suit; that it was then agreed that said account should be made out, and that so much thereof as remained due and unpaid should be allowed as a payment or set-off on said notes; that, relying on said assurances, the plaintiff did not present said account for probate, as he otherwise would have done; that, over two years after the death of the intestate, the executor brought suit on the notes, when the account was interposed as a set-off; that said suit and claims of set-off were both withdrawn by consent of parties: *Held*, that plaintiff was not entitled to relief, as against the limitations provided by § 2405, Revision of 1860.

2. —— This case distinguished from *Ferrall* v. *Irvine*, 12 Iowa, 52; *McCormack* v. *Cook*, 11 Iowa, 267; *Brewster* v. *Kendrick*, 17 Id., 479.

*Appeal from Linn District Court.*

## FRIDAY, JUNE 23.

CLAIMS AGAINST DECEDENT'S ESTATE: LIMITATION: EQUITABLE CIRCUMSTANCES. — Action against the executor of the estate of Nathan M. Day, deceased, to recover divers sums of money, alleged to have been received by the decedent, "for the use of the plaintiff," as per an account for $162 annexed to the petition; the first item being in November, 1855, and the last in August, 1856. The questions arise upon demurrer to the petition, and are two, viz.: 1. Whether the equitable circumstances alleged in the petition (Rev., § 2405) are sufficient to entitle the plaintiff to relief, against the bar arising from a neglect to file his claim within eighteen months; and 2. Whether his claim (except as to the last item) was filed within five years after the same accrued.

The demurrer to the petition was sustained, and plaintiff appeals.

*I. M. Preston pro se.*

*R. D. Stephens* for the defendant.

DILLON, J. — The petition filed in May, 1864, alleges that Day at his death "held against the plaintiff three notes amounting to about $150; that in June, 1861, soon after the death of Day, the then executor presented the notes for payment to the plaintiff, who then informed the executor that he held the account now in suit; that the executor then agreed with plaintiff that said account should be made out and so much of said account as should be due and unpaid, he would allow as a payment, a set-off on said notes; that relying on said assurance, plaintiff did not present the said account for probate as he otherwise would have done." It is then alleged that on the tenth day of June, 1863, the executor of the estate sued the plaintiff on the notes, and the account now in suit was pleaded as a set-off. In March, 1864, that action was withdrawn, and the present plaintiff by leave of court also withdrew his set-off. This is the substance of the petition.

1. EXECU-TOR: limitation: claim for relief.

The appellant admits that his claim was not filed within the eighteen months. It may be collected from the petition that it was not filed until about three years after notice of administration given. By the statute the claim is "*forever barred*," unless peculiar circumstances entitle the plaintiff to equitable relief." (Rev., § 2405.)

The only question argued by the appellants is, whether the facts averred in his petition, as above given, if true, entitle him to such relief. It were better, perhaps, ordinarily, that these questions should be presented upon evidence, rather than upon allegation. Still, taking the plaintiff's case as he makes it, it is the opinion of the courts that he has not made that equitable case which is contem-

plated by the statute as being sufficient to displace the limitation bar.

We briefly state our reasons:

_. The plaintiff's case is not as strong or persuasive as that made in *Ferrall* v. *Irvine*, 12 Iowa, 52, in which relief was denied. As in that case, but unlike *McCormack* v. *Cook*, 11 Iowa, 267, the present plaintiff had *full knowledge* of the decease of Day, and the appointment and qualification of the executor.

2. Unlike *Brewster* v. *Kendrick*, 17 Iowa, 479, the plaintiff here *knew*, from the beginning, of the *existence of his* claim, and it is not averred (and this is a material distinction) that it was withheld from probate at the instance and request, or by the procurement of the executor, or even that the executor ever admitted its correctness. There is not here, as in the case last cited, as well as in *McCormack's* case, above mentioned, an allegation that the estate is *unsettled*, or any statement concerning its condition. For aught we know, and as from lapse of time we may pre-. sume, it has been finally settled and closed.

3. It must be borne in mind that the executor has, under the statute, no power to allow a payment or set-off without the approbation of the county judge.

And really, the only substantial ground for relief is the allegation that the executor "agreed with the plaintiff that his account should be made out, and so much as should be due and unpaid he would allow as a payment or set-off." This, when examined, is neither an admission of the existence or justice of the plaintiff's demand, nor a dispensation from, or a waiver of its due presentment by the plaintiff for probate. (12 Iowa, 52, 54.)

The filing of his claim as a set-off in the action in the District Court will not aid the plaintiff here, because the eighteen months had more than elapsed before that action was brought.

4. There is no fraud, accident or mistake alleged. The plaintiff was not justified by anything which he alleges the executor did or said, in omitting to file and establish his demand in the mode prescribed by law.

5. Again: in the cases in which we have granted relief, the claim itself was admitted or clearly shown to be a subsisting debt. Here there is no admission of the plaintiff's claim as a subsisting liability, but on the contrary, except as to one item, it would seem to be barred by the general statute of limitation which require actions founded upon "unwritten contracts" to be brought within five years after the cause accrues.

Affirmed.