## SENAT V. FINDLEY.

1. **Administrator: EVIDENCE : DECREE IN FORMER ACTION.** In an action against an administrator for the rents and profits of land a decree in a former action settling the title to the land in plaintiff is competent evidence, and that, too, notwithstanding the administrator was not made a party to such former action

2. ———— : **TIME OF FILING CLAIM.** A party may file a claim of the fourth class with an administrator after twelve months have elapsed, where the validity of such claim was not established until after the expiration of the time for filing it, and where the estate suffered no prejudice or inconvenience by the delay.

*Appeal from Monroe Circuit Court.*

FRIDAY, APRIL 25.

PLAINTIFF filed a claim in the Circuit Court against the estate of which defendant is the administrator for one-third of the rents and profits of certain lands which the decedent in his life-time occupied and cultivated. The court allowed upon the claim three hundred and twenty dollars and seventy-five cents, and ordered that amount to be paid by the administrator, who appealed from the decision.

*Dashiell & Andrews*, for appellant.

*George Teller*, for appellee.

BECK, CH. J.—I. The defendant, in his answer to plaintiff's claim, denied generally all allegations thereof, and averred that it did not accrue within five years, and was, therefore, barred by the statute of limitations, and that the claim was not filed within twelve months of the giving of notice of the appointment of the administrator, and was, therefore, under Code, § 2421, barred. In her reply the plaintiff alleges that she did not prosecute her claim, or file the same against the estate at an earlier day, for the reason that she was kept in

ignorance of her rights through the fraudulent concealment of defendant, who occupied the land under claim of title to the whole, and that she did not discover her interest in the land until 1876, and as soon thereafter as circumstances would permit she filed her claim in this case. She shows that the interest in the land was determined in an action of partition, which was appealed to this court, and the decision of the court below in her favor was here affirmed.

The abstract of the case filed by defendant presents evidence showing the rental value of the lands; the record of court showing his appointment as administrator on the 3d day of May, 1875; the giving of the notice of such appointment on the 13th of the same month; and the testimony of plaintiff to the effect that she first obtained knowledge of her interest in the land in June, 1875, and that her place of residence was then and has since been in the State of Illinois.

The appellee presents an amended or additional abstract which shows that the records and testimony, in the action wherein plaintiff's right to the undivided one-third part of the land was established, were introduced in evidence in this case, and are set out in the amended abstract. This action was commenced on the 6th day of September, 1875, and plaintiff in this case was made a party in that on the 26th day of September, 1876. The defendant filed an additional abstract showing that the record and testimony of the case first referred to were admitted against objections made by defendant.

The plaintiff moved in this court to strike from the files the additional abstract and the transcript filed by defendant. This motion was submitted with the case. It will be unnecessary to pass upon it, for the reason that we must affirm the judgment if the abstracts as presented by defendant are permitted to stand.

The defendant now insists that the law does not entitle plaintiff to a judgment upon the facts disclosed by the testimony, and that the court erred in admitting in evidence the

record and testimony in the partition case establishing plaintiff's right to the land.

The objection last mentioned will be first considered.

II.  The evidence objected to, as has been stated, consisted of the record and testimony in the case of *Findley et al. v. Stewart et al.*, wherein plaintiff in this case was a party.  The action was for partition, and the plaintiffs claimed as the heirs at law of Stephen Stewart.  Plaintiff herein was, during the progress of the case, made defendant, and claimed an undivided one-third of the land adversely to the plaintiffs prosecuting the action. The defendant herein, the administrator of the estate of Stephen Stewart, was not a party to that action.  Upon a trial of the case it was found that Mrs. Senat, the plaintiff herein, was entitled to an undivided one-third of the land, and a decree was rendered confirming the title in her.  The decree was rendered March 3, 1877.  An appeal was taken, and this court affirmed the decree October 16, 1877.  See 46 Iowa, 655.

1. ADMINIS-
TRATOR: evi-
dence: decree
in former ac-
tion.

The defendant insists that the record and testimony presented in the case of which we have just been speaking were not competent evidence in the case now before us, and that the court below erred in their admission.  Without so deciding let it be admitted, for the purpose of this discussion, that the objection as to the admission of the testimony is well taken. But it cannot be disputed, in our opinion, that the decree and prior proceedings of record in the case were competent evidence.  Plaintiff's claim in this case is based upon her title to an interest in the land.  That title rests wholly upon the decree in the action of partition.  The plaintiff claimed title as an heir.  The deed under which her ancestor held the land, she alleged in her petition, was fraudulently destroyed by Stephen Stewart, the ancestor of the plaintiff in the partition action.  The court found, as we have stated, that she was entitled to an undivided one-third of the land.  Now the heirs of Stephen Stewart were the only necessary parties in

that action.   His administrator was not a proper party, certainly not a necessary party.   The decree, therefore, was competent evidence to establish plaintiff's title to the land in this case.   Counsel for defendant insists that, as the administrator represents the creditors of the estate, the decree is not valid because he is not a party.   But the learned counsel have omitted consideration of the fact that the title to the lands rests not in the administrator, but in the heirs.   While it is true that, under proper proceedings, lands may be sold by the administrator, and the proceeds applied to the payment of debts, it is not true that he has such an interest or title therein that he is a necessary party in an action to recover or quiet the title of real property.

We reach the very satisfactory conclusion that the admission of the decree in evidence was correct.

Conceding the error in the admission of the testimony, we are equally well satisfied that it was without prejudice, for the reason that the judgment could not have been different had it not been admitted, which will appear in the discussion of the other ground of objection, to which we now proceed.

III.   Defendant insists that the evidence does not support the judgment of the court below for the reason that there is no sufficient evidence to take the claim out of the bar of Code, § 2421, which is in the following language :   "All claims of the fourth of the above classes not filed and proved in twelve months of the giving of the notice aforesaid, are forever barred, unless the claim is pending in the District or Supreme Court, or unless peculiar circumstances entitle the claimant to equitable relief."

2. ——: time of filing claim.

Defendant insists that no "peculiar circumstances" are shown by the record which entitle plaintiff to equitable relief.

For the sake of clearness we will repeat certain facts and dates before given.   The notice of the appointment of defend-

ant as administrator was fully given May 13, 1875. The action for partition, in which plaintiff's title was established, was instituted September 6, 1875, and judgment rendered therein March 3, 1877. Plaintiff filed her claim September 30, 1876.

It will be observed that the claim was filed before plaintiff's right to the land was settled, but after the expiration of one year from the giving of the notice by the administrator. The decree in the partition suit determined plaintiff's right in this action. Before that decree she, in fact, had no claim which the law would have enforced. She cannot be regarded as negligent in failing to file her claim when it. was not in a condition to be enforced. The estate was in no manner prejudiced by her delay. If her right had not been established in the partition action, the filing of her claim would have been vain. She pursued the only course recognized by the law to establish the validity of her claim, by establishing her title to the land in the partition action. After her right was fully settled in that action, and not before, she was prepared to present her claim for allowance. Indeed her claim may be regarded as having arisen after the expiration of the twelve months prescribed for its presentation in Code, § 2421. Surely these considerations clearly establish "peculiar circumstances" entitling plaintiff to equitable relief.

It will be observed that, in our opinion, it was not necessary for plaintiff to show that she was kept in ignorance of her rights by the fraud of defendant, and that the delay in filing her claim resulted therefrom. Defendant's objection, therefore, founded upon the want of sufficient evidence of such fraud, is not well taken. It is not claimed that the estate was fully settled and that distribution of assets had been made, nor that, for any other reason, any injustice, prejudice or inconvenience resulted to defendant, or to the parties interested in the estate, by reason of the delay, or would result by the allowance of the claim. These considerations support our conclusion.

We have discovered no decisions of this court in conflict with the views we have expressed. The following cases have some bearing in their support. *McCormack v. Cook*, 11 Iowa, 267; *Ferrall v. Irvine*, 12 Iowa, 52; *Brewster v. Kendrick*, 17 Iowa, 479; *Preston v. Day*, 19 Iowa, 127; *Shomo v. Bissell*, 20 Iowa, 68.

No other questions in the case demand discussion. The judgment of the Circuit Court is

AFFIRMED.