Lacey v. Loughridge.

LACEY v. LOUGHRIDGE ET AL.

1. **Administrator :** CLAIM AGAINST: STATUTE OF LIMITATIONS. A claim against the estate of a decedent, if not filed and proved within twelve months after notice is given of the appointment of the administrator, is barred, unless peculiar circumstances entitle the holder of the claim to relief. The exercise of proper diligence must be shown, and it must be made to appear that the claim could not have been filed and proved within the year, to avoid the bar of the statute.

*Appeal from Mahaska Circuit Court.*

TUESDAY, OCTOBER 7.

A JUDGMENT was rendered against plaintiff upon a demurrer to his amended petition, from which he appeals to this court. The facts of the case fully appear in the opinion.

*W. R. Lacey*, for appellant.

*Lafferty & Johnson*, for appellees.

BECK, CH. J.—The original petition alleges that P. Loughridge executed an instrument in writing in the following words :

"OSKALOOSA, IOWA, March 10, 1870.

"On condition that the line or track of the Central Railroad of Iowa, substantially as now located, is finished from Albia to Oskaloosa, and the same operated on or before the 15th day of November, A. D. 1870, I promise to pay said Central Railroad Company of Iowa, on or before the day aforesaid, five acres of timber, valued at twenty-five dollars per acre, with ten per cent interest from maturity.

"When paid, this will entitle me to stock in said company. A failure to complete and operate said road by the time above stated will render this note void.

"P. LOUGHRIDGE."

It is alleged that the conditions of the note were fully per-

formed, and the plaintiff is the owner thereof; that the maker is deceased, and defendants are his administrators and heirs, and that P. Loughridge died seized of certain lands described in the petition. The relief asked is that a decree be entered setting apart to plaintiff five acres of land of the value named in the contract sued upon.

An amended petition shows that when P. Loughridge died the instrument sued upon was in dispute and litigation, and not in the hands of plaintiff's assignor, and that such litigation was not settled until the time for filing claims, as provided by law, had expired; that plaintiff's assignor, as soon as possession of the note was obtained, presented it to the administrator, and demanded a conveyance of the land, which was refused, and thereby the claim was converted into a money demand. The amended petition asks that plaintiff be allowed to prove up his claim against the estate, and the administrator be ordered to pay the same. A demurrer to the petition as amended was sustained.

An amended petition was then filed, which, as it was successfully assailed by demurrer, must be set out in full. It is as follows:

"The plaintiff, amending his petition, states that Poultney Loughridge died on the ———— day of November, 1874, and that, and at and prior to the death of said Loughridge, the note or contract sued upon belonged to the Iowa Valley Construction Company.

"That said note or contract, at the time of the death of said Loughridge, was in the hands of Seevers & Cutts, attorneys at law, at Oskaloosa.

"That said note or contract was one of a large number of similar contracts in the hands of said Seevers & Cutts, who had been collecting the same for the use and benefit of said Iowa Valley Construction Company, and for the use and benefit of said Seevers & Cutts; the said Seevers & Cutts holding the same as collateral to secure an advance of ten thousand dollars, by them made for the use and benefit of the Iowa

Lacey v. Loughridge.

Central Railroad Company and the Central Railroad Company of Iowa, and the said Iowa Valley Construction Company.

"That shortly prior to the death of the said Poultney Loughridge a controversy arose between F. W. H. Sheffield and others as to who was the proper person to represent the said corporation, the Iowa Valley Construction Company, the then owner of the said notes.

"That the said Seevers & Cutts, owing to said controversy, ceased to make any efforts to collect the said notes, and suit for the possession of the same was brought against said Seevers & Cutts in the Circuit Court of Mahaska county, Iowa. A demand was made upon said Seevers & Cutts for a list of said notes and contracts uncollected, and said Seevers & Cutts informed the plaintiff in said action that they had been requested, by the opposing parties, not to give any information in relation thereto until after the determination of said suit against the said Seevers & Cutts.

"That said construction company did not know what notes were uncollected, and did not know that this note was still uncollected.

"That it was not possible, owing to the refusal of said Seevers & Cutts to give information, for said construction company to know what claims were uncollected, and it was not, therefore, possible for said company to file a claim against the said estate until after the determination of the said suit against Seevers & Cutts.

"That on the ——— day of May, 1878, the said suit against said Seevers & Cutts terminated, and the said note, together with divers others, was delivered to the officers of the Iowa Valley Construction Company, and the note in this action was assigned and transferred, for a valuable consideration, to the plaintiff.

"That by reason of the said equitable circumstances the plaintiff is entitled to prove up this claim at the present time. There has been no settlement of said estate or discharge of the executor.  A demand has been made on the said administra-

tor and said heirs to make this conveyance, and to select said land, which they refuse to do.

"That the plaintiff is, therefore, entitled to have his claim allowed as a money demand against said estate. He, therefore, asks judgment against the said James Loughridge, executor, for the sum of one hundred and twenty-five dollars, and ten per cent interest from November 15, 1879, and costs of suit."

Defendants demurred to the petition for the reasons that it shows no claim has been filed against the estate of Loughridge, and more than a year has elapsed since notice of the appointment of the administrator was given, and said demand is, therefore, barred by the statute of limitations, and that the petition does not show peculiar circumstances entitling plaintiff to equitable relief. This demurrer was sustained, and plaintiff standing on his petition judgment was rendered against him.

Regarding the case, for the purpose of this decision, as a proceeding to establish the demand as a claim against the estate, without, however, deciding the point, we are of the opinion that the demurrer was correctly sustained. Claims against an estate of the character of the demand in suit, if not filed and proved in the Probate Court within twelve months of the giving of notice of the appointment of an administrator, are barred, unless peculiar circumstances entitle the claimant to equitable relief. Code, § 2421.

1. ADMINIS-
TRATOR: claim
against: stat-
ute of limita-
tions.

One claiming exemption from the bar of this statute must show the exercise of proper diligence. If negligent in instituting proceedings, he will not be entitled to equitable relief. *Brewster v. Kendrick,* 17 Iowa 479 (481). It must be made to appear that, without his fault, the claim could not have been filed and proved within the year. It may be said that the courts, when a party brings himself within this rule, are quite liberal in extending relief.

The plaintiff in this case cannot, of course, recover without

showing diligence on the part of the assignor, under whom he holds the demand. It will be observed that the petition does not allege that the action to determine the right to the possession of the instrument in suit was prosecuted with reasonable diligence, or that any demand was made upon the attorneys holding it before the expiration of the year given for filing the claim, after the limitation commenced to run. It is true, too, that it is not shown the controversy between the officers of the Iowa Valley Construction Company, or the persons named and referred to in the petition, did necessarily prevent the diligent prosecution of the claim. The persons or officers contesting for the right to the custody of the instrument ought to have arranged for the prosecution of the demand. It surely was negligence and a violation of duty for them, by their differences, to prevent one another from instituting proceedings for the collection of the claim.

In our opinion the court below rightly sustained the demurrer.

AFFIRMED.