94    347
132    225

CORY BROTHERS & COMPANY, Appellants, v. DANIEL C. GILLESPIE, Administrator of the Estate of W. J. COLLINS.

**Estates of Decedent:** FILING CLAIM.   Plaintiff mailed a claim to the administrator who, however, did not file it with the clerk nor acknowledge its receipt.   Claimant did nothing further until more than a year after publication of administrator's notice.   *Held*, claims must be filed with the *clerk*.   No facts appear which make it proper to allow filing of this claim after the year.

**Practice:** WAIVER.   Where a motion is not ruled on it is presumed that ruling is waived.

*Appeal from Clay District Court.*—HON. GEORGE H. CARR, Judge.

SATURDAY, APRIL 6, 1895.

Proceeding in probate for the allowance of a claim against the estate of W. J. Collins, deceased. Judgment refusing to allow the claim, and dismissing petition at costs of plaintiffs, and they appeal.—*Affirmed*.

*Cory & Bemis* for appellants.

*Parker, Richardson & Buck* for appellee.

Kinne, J.—I.   Deceased, while building railroads in Montana, it is averred, became indebted to plaintiffs in the sum of four thousand three hundred and seven dollars and forty-four cents.   Daniel C. Gillespie was appointed as the administrator of deceased in Clay county, Iowa, where said Collins had formerly resided, and where he owned property at the time of his death. Plaintiffs were, when the indebtedness accrued, and ever since have been, residents of Utah.   Collins died October 19, 1891.   Gillespie first published notice of his appointment on November 3, 1891, and the last publication of said notice was made on November 19, 1891.   Plaintiffs prepared a proper claim for what was due them from Collins' estate, and sent the same to Gillespie, the administrator, who received it on April 21, 1892.   With the claim they inclosed a letter asking the administrator when the claim would be paid, and how much would be paid, and to allow the claim.   The administrator never acknowledged the receipt of said claim only as he took it from the postoffice, and receipted for it, it having been sent by registered letter.   April 11, 1893, the administrator wrote them their claim had been disallowed because not filed within one year.   Plaintiffs had no knowledge until March, 1892, of the appointment of the administrator, or that Collins was dead, or that he had ever resided in Clay county, Iowa, or that his estate was

being administered upon in Iowa. To the petition embodying the above facts defendant demurred, on the ground that the claim was barred, and that no equitable reasons were alleged for allowing the claim; that the facts set forth affirmatively show that there are no equitable grounds for allowing said claim; that the plaintiffs were guilty of negligence in sending the claim as they did. The demurrer was sustained, and, plaintiffs electing to stand upon their petition, judgment was rendered disallowing the claim, and dismissing the petition at their costs.

II. Plaintiffs moved to transfer the cause to the equity side of the calendar, which motion they claim was erroneously overruled. The amended abstract shows that this motion was not passed upon by the trial court. We must presume, under such a state of the record, that it was never called to the court's attention, and hence a ruling thereon was waived.

III. It is contended that as the statute merely provides for filing claims, and does not expressly provide for their filing with the clerk of the district court, a filing with the administrator is a sufficient compliance with the law, and that, as the administrator in fact received the claim in time, that was a filing of it. Code, sections 2408-2411. The law undoubtedly contemplates that the claim shall be filed with the clerk of the court. See Code, sections 2408-2411, 2421. If a filing with the administrator was sufficient, why provide for service of notice of the filing of the claim on the administrator? Code, section 2408. Again the statute provides as to how the claim shall be entitled, and that in all further proceedings on the claim this title shall be preserved. Code, section 2409. This contemplates proceedings in court. So in section 2410 of the Code it is provided

that all claims filed, and not expressly admitted in writing, signed by the executor, with the approbation of the court, shall be considered as denied, without any pleading filed on behalf of the estate. Other sections might be referred to, but it is unnecessary; all of them show that the claim is to be filed with the clerk. A proceeding to prove up a claim must be a proceeding in court wherein a judgment or order may be made. Surely the aid of the court to establish a claim could not be invoked if no claim had been filed with the proper officer, the clerk. It follows that, as the claim was not filed within the year, it is barred unless such peculiar equitable circumstances are shown as entitle the claimants to equitable relief.

IV. The facts pleaded do not entitle the claimants to relief. They mailed their claim in April, 1892, to the administrator. The fact that they received no reply from him was sufficient to have put them upon inquiry as to the status of their claim. They, however, did nothing for a year. They are presumed to have known the law. They should have acted with promptness in ascertaining the facts. The administrator was under no legal obligation to file the claim for plaintiffs. The facts pleaded show no diligence whatever on part of these claimants. They were not deceived. The administrator did nothing whereby they were induced to remain inactive. No fact is presented which justifies us in disturbing the judgment of the court below.— *Affirmed.*