FRANK SCHLUTTER, Appellant, v. BERTHA DAHLING,
Executor of the Last Will and Testament of
GEORGE DAHLING, Deceased.

Estates of Decedents: CLAIMS: *Statute of.limitations.* Under Code,
section 2421, requiring claims against a decedent's estate to be
1 filed within twelve months after notice by the administrator,
unless the claim is pending in the district court, the pendency of
2 a suit, which on the death of a decedent is not revived against his
representatives, but is dismissed as to him, before the expiration
of the twelve months, does not toll the statute.

CLAIM:      *Equitable relief.*  "Peculiar circumstances," entitling a
claimant against a decedent's estate, to equitable relief against
the bar of the statute, for failure to file his claim within twelve
months (Code, section 2421), are not shown by the fact that a
1 stranger to the settlement of the estate, who was also liable on the
claim, represented to claimant that decedent's widow, who was also
liable, was decedent's sole devisee, and that she would give him
additional security, and that prior liens against land mortgaged by
8 decedent, to secure the claim, would be paid off, by reason of which
representations claimant forebore filing the claim,—at least, where
he made no investigation of the condition of the estate for more
than six months, and where said statements and promises were
made without the authority of the widow.

*Appeal from Jackson District Court.*—HON. A. J. HOUSE,
Judge.

TUESDAY, JANUARY 19, 1897.

PROCEEDINGS in equity to establish a claim against
the estate of George Dahling, deceased.  The execu-
trix demurred to the petition, and the demurrer was
sustained, and judgment rendered for the defendant.
Plaintiff appeals.—*Affirmed.*

*Levi Keck* and *Wm. Milchrist* for appellant.

*W. C. Gregory* for appellee.

DEEMER, J.—Plaintiff's claim was not filed and proved within twelve months from the giving of the notice by the executrix, required by law, but she claims there are such peculiar circumstances in the case as to entitle her to equitable relief. The statute bearing upon the subject is as follows (Code, section 2421): "All claims of the above classes not filed and proven within twelve months of the giving of the notice aforesaid are forever barred, unless the claim is pending in the district or supreme court, or unless peculiar circumstances entitle the claimant to equitable relief." The facts upon which she relies are as follows: In the year 1891, the deceased and Bertha and William Dahling executed to plaintiff their promissory note for the sum of one thousand two hundred dollars, and, to secure the payment of the same, George and Bertha Dahling executed a mortgage upon a lot in the town of Leeds, Woodbury county, Iowa. On the twenty-fourth day of September, plaintiff brought an action in the district court of Woodbury county, to enforce the note and foreclose the mortgage. The makers of the note represented to plaintiff, at the time they executed the mortgage, that the premises were free and clear of incumbrance, whereas, in truth and in fact, there was at that time, an unsatisfied mechanic's lien thereon for the sum of three hundred dollars. After the commencement of the foreclosure action, the Dahlings, above named, in consideration of an agreement on the part of plaintiff to continue his suit, promised and agreed to pay all interest due on the note, and also to pay the mechanic's lien, on or before March 1, 1893. Relying upon this promise, plaintiff continued his suit. On the sixteenth day of March, 1893, George Dahling died, testate. About the time of the death of George, and again in June, 1894, William Dahling informed an

attorney for plaintiff, that Bertha Dahling was the
sole devisee under the will of the deceased.  In order
to receive a further continuance of the suit, Bertha
Dahling, on the fifth day of July, 1893, entered into a
written agreement with the plaintiff, by the terms of
which she agreed to pay on the principal note the
sum of two hundred dollars on the first day of Sep-
tember, and two hundred dollars on or before the first
day of November, 1893.  Bertha Dahling failed to
keep her agreement, and, as an excuse therefor, Wil-
liam Dahling informed plaintiff's attorney that Bertha
was negotiating a sale of the property devised to her
by will, and that, upon effecting such sale, the entire
indebtedness of plaintiff would be paid, and also
promised the attorney that Bertha would execute a
mortgage upon a brick building in the town of
Maquoketa, worth about three thousand three hun-
dred dollars, over and above all incumbrances, as
additional security for the original note; and the said
William Dahling further agreed to furnish the attor-
ney with an accurate description of the property, in
order that a mortgage might be written thereon.
Pursuant to his promise, William furnished the
description of the property, and accepted from the
attorney a mortgage containing the description given,
for the purpose of having Bertha sign the same, but,
instead of so doing, he retained it until April, 1894,
and then returned it, with a statement that
Bertha Dahling refused to execute it, or to
secure the indebtedness.  Bertha Dahling failed
to meet the payments called for by her con-
tract; and on the fourteenth day of January, 1894,
plaintiff dismissed his action against George Dahling,
and recovered judgment against Bertha and William
for the amount of the principal note.  This judgment
was transcripted to Jackson county on the thirteenth
day of March, 1894.  On the twenty-seventh day of

March, 1894, the mechanic's lien claimants secured
judgment on their account, and afterwards, and on the
fourteenth day of May following, sold the premises
mortgaged to plaintiff for the sum of two hundred
and forty-eight dollars.  The premises so mortgaged
were owned by George Dahling at the time of his
death, and are not worth to exceed five hundred dol-
lars.  William Dahling is insolvent, and Bertha has
no property except that devised under the will of
George Dahling.  As a matter of fact, Bertha Dahling
received, under the will of the deceased, but a life
estate in the property owned by him, the remainder
being disposed by will to the children of George
Dahling.  But plaintiff did not learn of this fact until
July 18, 1894, at which time he caused the records to
be searched, to learn the exact condition of affairs.
Bertha Dahling was appointed executrix of the estate
of George Dahling, March 14, 1893, and gave notice of
her appointment, as required by law, on the twenty-
fifth day of March, 1893.  Plaintiff claims that he
relied upon the representations and statements made
by William Dahling with reference to the condition
of the estate, and his promises regarding the execu-
tion of the further mortgage, and also believed that
his judgment was a valid lien upon the real property
devised by the deceased, and that he did not, for this
reason, file his claim within the time allowed by law.
The estate of George Dahling remains unsettled, and
it has assets to the amount of four thousand dollars,
and liabilities amounting to but one thousand dollars.

I.  Appellant's first contention is that his suit
brought in the Woodbury county district court removes
the bar of the statute.  It is true that this action was
pending at the time George Dahling died, but
his executrix was not substituted as defendant,
and no judgment was ever obtained against her
as such.  On the contrary, plaintiff dismissed his case

as to George Dahling, on the thirteenth day of January, 1894, and elected to pursue his remedy against the mortgaged property and Bertha Dahling. The time for filing claims against the estate, expired on the twenty-fifth day of March, 1894, and plaintiff dismissed his action against the deceased more than two months before this date. Consequently, there was no suit pending at the expiration of the year for filing claims. We do not think that the suit commenced in Woodbury county is, under the facts recited, sufficient to relieve the plaintiff from the bar of the statute.

II. Appellant's next contention is that he is entitled to equitable relief, because of the peculiar circumstances of the case. It will be observed that the principal facts upon which the plaintiff relies, are statements made by William Dahling with reference to the property devised to and owned by Bertha Dahling, and as to what she would do with reference to paying or securing plaintiff's claim. He does not claim that the executrix made any promises, either in her individual or representative capacity. Nor is it claimed that William in any manner represented the executrix in his statements or agreements. There is no claim that William had any connection with the management or settlement of the estate, or that he was authorized to speak for any one but himself. His representations, statements, and promises were of no more efficacy than those made by any stranger to the transaction. Appellant does not claim that William Dahling did or said anything to induce him not to file his claim against the estate. It seems quite clear that he concluded to rely upon the personal responsibility of William and Bertha Dahling, rather than upon the estate of George Dahling. He made no effort to ascertain the condition of the estate until some time in the month of July, 1894, more than sixteen months after the death

of George Dahling; and he did not commence this action until the tenth day of August, 1894. The statute we have quoted, requires diligence of creditors in filing and proving their claims against the estate of one deceased, and yet, as stated in the case of *Brewster v. Kendrick*, 17 Iowa, 479, "there may be cases (and the section above quoted recognizes them) when the delay shall not operate as an absolute bar, and when to deny the creditor relief would be manifestly inequitable and unjust. Negligence, however, can never afford a passport to the relief contemplated by the statute." We have uniformly held that "one claiming exemption from the bar of this statute must show the exercise of proper diligence." *Lacey v. Loughridge*, 51 Iowa, 629 (2 N. W. Rep. 515); *Roaf v. Knight*, 77 Iowa, 506 (42 N. W. Rep. 433). It seems to us that plaintiff was negligent in not ascertaining the condition of the estate, the provisions and conditions of the will of the deceased, and all other matters necessary to enable him to determine upon what he would rely. Common prudence would have suggested such a course, rather than a reliance upon statements made by a stranger to the settlement of the estate. In the case of *Roaf v. Knight, supra*, we held that the claimant was not justified in relying upon statements of a non-resident attorney as to the time when a claim should be presented. It also appeared in that case that the plaintiff knew who the administrator was, and that she had such information as induced her to believe it would be necessary to employ counsel to prosecute her claim, and yet she delayed filing it until nearly two years after it should have been. So, in this case, plaintiff knew who the executor was, and he had, before the death of George Dahling, employed an attorney for the purpose of collecting his claim; and yet he did not file it against the estate until nearly seventeen months after the executrix had

given notice of her appointment.  If it should be conceded that the statements and promises made by William Dahling were binding upon the defendant, yet we are not prepared to hold that plaintiff is entitled to equitable relief.  In the case of *Colby v. King*, 67 Iowa, 458 (25 N. W. Rep. 704), we held that although the plaintiff, who had a chattel mortgage to secure his note, believed that the property was sufficient to pay his claim, and notwithstanding the executor promised to see him paid, yet he could not recover because of his neglect in prosecuting the claim.  These cases from which we have quoted seem to rule the one at bar, and the judgment is AFFIRMED.