W. E. POTTER v. HARRIET C. BRENTLINGER AND JAMES G.
GUINN, Executors, Appellants.

Vacation of Discharge of Executor:   NEGLIGENCE IN FILING CLAIM.
    In an action seeking to have an order discharging executors vaca-
    ted and a claim against the estate allowed, plaintiff alleged
    that he failed to charge certain merchandise to decedent, and
    by reason of such failure forgot to file a claim against the es-
    tate.    The merchandise was sold over four years· before the
    commencement of the action, and when one of the executors
    paid plaintiff the amount of a note given him by deceased,
    and asked if there was anything else due him, he said there
    was not.    Plaintiff testified that he discovered the failure to
    charge the merchandise to decedent six months before his death.
    Held, that plaintiff was guilty of such negligence as precludes
    relief.

*Appeal from Carroll District Court.*—HON. S. M. ELWOOD,
Judge.

MONDAY, OCTOBER 13, 1902.

ACTION to establish a claim against an estate. The
executors appeal from an order granting the relief prayed.
—*Reversed.*

*F. M. Davenport* and *C. W. E. Snyder* for appellants.

*G. W. Paine* for appellee.

LADD, C. J.—John S. Guinn died testate May 14, 1897.
One clause of his will devised 40 acres of land to be sold
to pay the expenses of his sickness and funeral and other
just claims he owed, and gave the proceeds remaining to
his wife, Harriet C. Guinn.   The will was admitted to pro-
bate, and she and his brother appointed executors, Septem-
ber 22, 1897.   The estate was fully settled and the executors
discharged March 28, 1899.   The only notice of their final
report and application to be discharged was by publica-
tion, and was found to be sufficient by the court.   Novem-
ber 4, 1899, the plaintiff filed with the clerk a claim for
$65, the price of a mowing machine, said to have been sold
to deceased about August 1, 1896, and September 6, 1900,
he begun this action, praying that the order discharging
the executors be vacated, and the claim allowed.   The
peculiar circumstances alleged to "entitle the claimant
to equitable relief" were "that he failed and omitted to
charge the said mowing machine to the said John S.
Guinn upon his books of account, and by reason of said
failure he forgot and omitted to file his claim against the
estate of John S. Guinn for the purchase price of said
mowing machine until about the 4th day of November,
1899." According to plaintiff's evidence, he was the only
agent for Emerson, Talcott & Co. at Glidden in 1896, and in

settling with the company in the fall of that year was required to pay for one more mower than he could account for, and he could recollect to whom he sold the other machines. A mower of this company's make was procured of him for deceased by a brother, James Guinn, for which deceased said he would settle in a few days. No entry concerning the transaction was made on plaintiff's books, nor was it his custom to keep account of sales of goods for which cash was paid. When Mrs. Guinn, one of the executors, paid him a note of $36 at his office in 1897 she inquired if there was anything else due him; to which he responded "No." In short, the sole excuse for not presenting the claim within the statutory period is that he had forgotten that he had any. Though the machine is said to have been sold nearly a year before the death of deceased, and its omission from plaintiff's account discovered about six months before that time, he was unable to recall the circumstances of making the sale for more than three years, and yet pretends to remember that it was never paid for. Courts are not inclined to relieve against mere forgetfulness, unless satisfactorily explained. This is the rule with respect to vacating defaults. *State v. Elgin*, 11 Iowa, 216; *Church v. Lacy*, 102 Iowa, 235. Had the plaintiff remembered an indebtedness, and yet forgotten to present it within a year, would any one contend that he would be entitled to relief? No; for his lapse of memory would be attributed to want of diligence in guarding his own affairs. Periods of limitation, though special, are long enough to obviate any other conclusion. One of the reasons for allowing a year only within which to file claims, instead of a shorter time, is that none shall be overlooked or forgotten. If a person be deemed negligent in forgetting to file a claim, what shall be said of him who is so oblivious of his own interests as not only to omit filing but to forget that he ever had any? Certainly, he is in no more favorable situation. The general statute of limita-

tions is never tolled for such neglect, and we think mere forgetfulness not such a circumstance to justify equitable relief. As said in *Brewster v. Kendrick*, 17 Iowa, 479, "Negligence can never form a passport to the relief contemplated by the statute." There the claimant did not discover until six months after the notice of administration that he had a claim against the estate, as deceased had signed the note on which the claim was founded as agent for his brother, and the fact that he had acted without authority was not sooner learned. This was without fault of the claimant. In *Wilcox v. Jackson*, 57 Iowa, 278, the failure to file the claim in time was accidental, and not owing to lapse of memory. Only the diligent are entitled to relief. *Ferrall v. Irvine*, 12 Iowa, 52; *Lacy v. Loughridge*, 51 Iowa, 629; *Roaf v. Knight*, 77 Iowa, 506; *Schlutter v. Dahling*, 100 Iowa, 515. It is to be noted that no explanation or excuse for his forgetfulness is offered by plaintiff. The omission to enter upon the books was discovered long before the death of Guinn, and, if payment was made by him, as the brother promised, in a few days, the transaction was not such as the plaintiff would have entered in his accounts. Put on inquiry concerning the machine nearly six months before Guinn's death, he failed to remember the sale for three years. Might his memory as to the possible payment have been quite as defective? He says not. In the meantime the estate was fully settled.

Appellee makes the point that, as personal service of the notice of final report and application of the executors to be discharged was not had, the order of discharge is of no effect. That given was expressly approved in the order, and, in the absence of any showing to the contrary, this finding must be regarded as conclusive. For all that appears, the executors may have been the only heirs, and no claims on file. If so, no notice whatever was nceessary. The statute requires parties interested in the estate only to have notice. Section 3422, Code. No purpose would be

served by notifying others. The circumstance that an estate is open and unsettled is mentioned in many of the decisions as of great importance. Certainly, a stronger showing should be exacted after full settlement, but even then much necessarily depends on whether distribution has been made. See *Shomo v. Bissell*, 20 Iowa, 68. In any event, plaintiff, because of his negligence, is not entitled to relief.—REVERSED.