BENTLEY & OLMSTEAD, Appellants, v. CORNIE A. STARR, Administratrix of Estate of S. H. Starr, Deceased, Appellee.

Estates of Decedents: CLAIMS:   DELAY IN FILING:   EQUITABLE RELIEF.   To establish a claim against an estate, which was not filed within the statutory period, the claimant must make a showing which will entitle him to equitable relief.   Evidence considered and held insufficient to authorize allowance on the ground of negligence in presenting the same.

Same.   The fact that a claim was filed with decedent's guardian prior to his death did not excuse a failure to file the same against the estate within the statutory period.

*Appeal from Floyd District Court.*—HON. CLIFFORD P. SMITH, Judge.

TUESDAY, MAY 3, 1904.

THIS is a proceeding to establish a claim against the estate of S. H. Starr, deceased.   Cornie A. Starr was appointed administratrix of the estate June 5, 1897, and immediately gave notice of her appointment as required by law.   Plaintiffs did not file their claim until the 2d day of November, 1899.   They relied upon certain equitable circumstances to relieve them from the statutory requirement that they file their claim within one year from the time the administratrix gave notice of her appointment.   The trial court held their showing insufficient and dismissed their claim, and from this ruling they appeal.—*Affirmed.*

*H. J. Fitzgerald* and *Dunshee & Dorn* for appellants.

*Ellis & Ellis* for appellee.

DEEMER, C. J.—Our statutes provide, in substance, that all claims not filed and allowed within twelve months from the time the administrator gives notice of his appointment will be barred, unless peculiar circumstances entitle the claimant to equitable relief. Code, section 3349. This equitable relief will not be extended to one who has been negligent in presenting his claim. *Ferrall v. Irvine,* 12 Iowa, 52; *Lacey v. Loughridge,* 51 Iowa, 629; *Schlutter v. Dahling,* 100 Iowa, 515. The evidence shows, without dispute, that plaintiffs had notice of Starr's death as early as January 19, 1898. They also knew that his estate was solvent, and from time to time corresponded with the clerk of the district court of the county in which the settlement of the estate was pending, regarding the condition of the estate. They also had some correspondence with one Werder, who was a surety upon the administratrix's bond. Werder wrote them in January of the year 1898, proposing to settle the claim for the administratrix at seventy-five cents on the dollar. In response, plaintiffs refused to accept his offer, but made a counter proposition to accept $225 in settlement of the claim, provided this amount was sent by return mail. They closed their letter with this statement, "Otherwise we will stand the process of the Court and see how it pays out." This letter was dated January 27, 1898, which was long before the year had expired for filing claims, and closed the correspondence between plaintiffs and any one who had any connection with the estate. They did, however, write the clerk of the courts thereafter for a statement as to the assets of the estate, etc., and immediately received a correct statement. By not replying to plaintiffs' letter, Werder refused to accept plaintiffs' proposition. The claim was not filed until November 2, 1899.

Assuming, for the purpose of the case, that Werder represented the administratrix, and that she was bound by whatever he did, we nevertheless think that plaintiffs were so negligent about filing their claim that they should not have

an order allowing it.    See cases heretofore cited, and *Colby v. King,* 67 Iowa, 459.

Appellants contend, however, that their delay in filing the claim was due to the fact that, some years before the death of Starr, he had been adjudged insane; that the present administratrix was appointed his guardian; that they filed their claim with her, as guardian, on December 28, 1896; and that from that time, down to the death of the ward, they were in correspondence with the guardian with reference to the settlement of their claim. They do not claim, however, that any settlement was agreed upon before the death of the ward.    They learned of his death, as hitherto stated, but took no steps to file their claim with the administratrix.    They were, perhaps, relying upon the fact that they had filed their claim with the guardian, and that her liability continued even after the death of the ward.    Without deciding that point, it is sufficient to say that if they elected to hold the guardian, believing her to be liable, and neglected to file their claim against the estate, they should not now be permitted to change front.    Moreover, it appears that they were advised of the guardian's filing her final report in January of the year 1898, and that the same had not been approved by the court; but they took no steps to ascertain the contents of this report, and did nothing except to have some correspondence with Werder with reference to the settlement of the account.    They should have known that the death of the ward operated as a revocation of the guardian's authority, and that, if she had not paid the claim before the death of Starr, they should look to the administrator of his estate.

No such equitable circumstances were presented as would have justified the trial court in granting the relief prayed, and the order is therefore AFFIRMED.