NEW LONDON NATIONAL BANK OF NEW LONDON, Appellant, v. E. E. McKEE, Administrator, et al., Appellees.

No. 40833.

October 20, 1931.

Rehearing Denied February 17, 1932.

Seerley, Clark & Hale and McCoid, McCoid & McCoid, for appellant.

J. V. Gray and C. M. Vance, for appellees.

Stevens, J.—D. F. Elkins died intestate in Henry County, and on January 14, 1926, E. E. McKee was appointed and qualified as administrator of his estate. On the same day, he caused notice of his appointment to be posted in three public places as required by law. On June 10, 1927, the claim in question was filed in the office of the clerk of the district court. The administrator admitted the claim on May 9th, 1928, by endorsement on the back thereof. This was long after the time for filing had expired. On March 17, 1930, appellant filed an application in the office of the clerk of the district court for allowance of the claim, setting up alleged equitable reasons for its failure to file the claim within the time required by Section 11972 of the Code of 1927. The equitable circumstances alleged in the said application were in substance that the claim was prepared and delivered by appellant to the administrator with the request that he have same filed in the office of the clerk; that instead of doing so, he delivered the same on June 10th, 1926, to his attorney, who was also attorney for appellant, with the request that he cause same to be filed; that appellant discovered that the claim had not been filed on or about June 10th, 1927, on which date the same was duly filed. A demurrer to this application was sustained. Nothing was thereafter done in the matter until May 21, 1930, when appellant filed an amendment to the application to which a demurrer had been sustained, setting up further equitable circumstances and excuses for its failure to file the claim within the time required by law; that the local attorney employed by the administrator to look after

1250

the matter was in bad health during all of the time prior to June 10th, 1927; that on or about that date he turned over the files of the estate to McCoid, McCoid & McCoid, attorneys at Mt. Pleasant, with the request that they take the necessary steps to protect said claim; that appellant at all times relied upon the administrator to look after the matter, and did not at any time know that the claim had not been previously filed. A motion to strike this amendment upon various grounds was filed by certain of the heirs at law of the deceased and sustained by the court. Appellant elected to stand upon its amendment to the application and declined to plead further.

One of the grounds of the motion to strike the amendment filed May 21st, 1930, was that at the time of the hearing in the district court upon the original application it was orally agreed by counsel for the respective parties in open court that the application should be submitted upon the record as then made and that the ruling of the court thereon should be final and that no appeal therefrom would be taken by either party. No testimony was offered upon the hearing of the amended application, but the court before whom the original application was heard, in the order filed herein, found that the agreement and understanding of counsel above stated was entered into in open court by the attorneys for the respective parties. The amended application in part alleged the same facts and circumstances as were set up in the original application.

It appears therefrom that the estate is solvent and still open. No precise definition of the equitable circumstances which will entitle one holding a claim against an estate to have the same filed and allowed after the year fixed by law therefor has elapsed is possible. Necessarily, each case must stand or fall upon the facts and circumstances peculiar thereto.

Many cases are cited by counsel for appellant in which the trial court, in the exercise of its proper discretion, has granted permission to file claims after the year has expired, and which were affirmed by this court. The rule, however, recognized by all of the decisions of this court is that the claimant must not have been negligent in handling his claim.

It appears from the pleadings in this case that the administrator is the cashier of appellant bank and that the attorney for him, as such administrator, was at all times during

the period referred to, prior to June 10, 1927, the attorney for appellant. The extent of the attorney's illness is not shown; that he continued to represent the appellant and the administrator for something over one year after the expiration of the time for filing claims would seem to justify the inference that he was not seriously incapacitated from attending to his duties.

It is strongly urged by appellant that the claim is just, that the estate is still open, and that same may be paid without prejudice to anyone. There is, it seems to us, such an absolute want of diligence on the part of those charged with the duty of filing the claim that these facts may not be made the basis of an order allowing the claim. The administrator was, as stated, the cashier of the bank, and it is difficult to see how the matter could, with any reasonable diligence, have been so long overlooked. The attorney for the estate must have been closely associated with the bank as well as the administrator. The mere facts that the claim is just and that the estate is still open are not equitable circumstances of controlling importance. Only claims that are just should ever be allowed against an estate, and the statute contemplates the early closing of solvent estates. Clearly, such equitable circumstances as are contemplated by the statute are not shown in this case. Cory Bros. & Co. v. Gillespie, 94 Iowa 347; In re Jacob's Estate, 119 Iowa 176; Bentley & Olmstead v. Starr, 123 Iowa 657; Mosher v. Goodale, 129 Iowa 719; Estate of Schram v. Kissinger, 201 Iowa 325; Peterson v. Johnson, 205 Iowa 16; Anderson v. Storie, 208 Iowa 1172; Simpson v. Burnham, 209 Iowa 1108; In re Palmer's Estate, 212 Iowa 21.

It must follow that the order and judgment appealed from should be and it is affirmed.—Affirmed.

FAVILLE, C. J., and DE GRAFF, ALBERT, and WAGNER, JJ., concur.