## NOBLE v. MORREY, Adm'r.

1. Executor and administrator: FIRST CLASS CLAIMS. The *filing* of a claim within six months after notice of the granting of letters of administration fixes its character as a claim of the third class, without reference to the time it is established by evidence.

2. —— FOURTH CLASS CLAIMS. Claims of the fourth class must be filed, proved and allowed within eighteen months.

*Appeal from Monroe District Court.*

WEDNESDAY, JANUARY 17.

PLAINTIFF and the intervenors, S. D. Noble & Co., are creditors of the estate of S. D. Ramsey, deceased. The administrator was appointed December 20, 1859, and he immediately gave notice thereof, as required by law. Within *six months* thereafter the intervenors duly filed their claim against the estate, but it was not finally established until March 11, 1864. Plaintiff filed his claim *after* the expiration of the *six months*, and proved the same at once, or at least before the expiration of eighteen months from the giving of notice, by the administrator, of his appointment. In a contest between these creditors as to their right to priority of payment (the estate being insolvent), the court below held, that they were both *fourth* class

creditors, and were to be paid *pro rata*. From this order plaintiff appeals.

*Perry & Townsend* for the appellee.

*J. W. Robb* for the appellant.

WRIGHT, J. — If either party has a right to complain in this case, it is the appellee. It was held in *Chandler* v. *Hackett's Adm'r*, 12 Iowa, 269, that claims *filed* within six months after the notice given by the administrator, of his appointment, though not admitted by the administrator, nor passed upon by the County Court until after that time, are payable before those *filed after* the expiration of the six months. And this is the plain reading of the statute. § 2204. For by this, it is declared, that claims against an estate are payable in the following order.          *          *          *

*i. EXECU-TOR AND ADMINIS-TRATOR : first class claims.*

" 3. Claims *filed* within six months after the notice given by the administrator of his appointment.

" 4. All other debts."

And the succeeding section provides that " all claims of the *fourth* of the above classes, not filed and proved within one year and a half, &c., are forever barred, unless the claim is pending in the Supreme or District Court, or unless peculiar circumstances entitle the claimant to equitable relief."

These citations make it but too apparent that the *proof* or *establishment* of the claim within the six months, is not necessary to make it a third class claim, but that it becomes such by the filing, if finally established. Any other construction would defeat the right of the creditor to the fruits of his diligence, if anything shall occur to prevent the final proof until after the expiration of six months, unless

perchance his right should be protected upon some equitable ground. Ordinarily, it is true, the proof should be made within that time, and this the law doubtless contemplates. But if for any cause it should not be established, the filing advises the administrator that the claim is made and he must regulate his disbursements of the assets accordingly. Claims filed *after* that time, however, fall within another class, and unless they come within the exceptions stated, are forever barred. This latter provision

2. — fourth class claims.

was intended to insure the speedy settlement of estates, and to cut off claims, unless filed within the required time.

. It is true that such claims have to be *proved*, as well as *filed*, within eighteen months. This relates, however, to *fourth* class claims, and not those falling within the *third* class, or those *filed* within six months. If a claim of the fourth class should be filed, but, without the claimant's fault, should not be passed upon within the eighteen months, then we can only suggest, that it would seem that the claimant would be entitled to the equitable relief contemplated by the statute. Had the statute said that *all* claims not *filed and proved* within eighteen months should be barred, there would be more force in appellant's position. This bar, applies, however, it will be seen, to one class, the fourth, specifically, and not to the third or any other. This construction is sustained by the case above cited, as, also, by the following: *Hart* v. *Jewett*, 11 Iowa, 276; *Braught* v. *Griffith*, 16 Id., 26; *Brewster* v. *Kendrick*, 17 Id., 479.

It only remains to say, that this estate has not been finally settled, and that there is nothing to show, that the intervenors had abandoned their claim. As we have seen, the *appellant* has no cause to complain, the intervenors do not, and the order made by the court below is, therefore,

Affirmed.