## WILLCOX v. JACKSON.

1. **Administrator:** TIME FOR FILING CLAIM. A claim of the fourth class against the estate of a deceased person, not filed and proved within twelve months after the publication of notice of appointment of the administratrix, is barred, unless the case presents circumstances entitling the claimant to equitable relief.

*Appeal from Monroe Circuit Court.*

FRIDAY, JUNE 6.

On the 14th day of September, 1876, the plaintiff, as administratrix of the estate of Jeremiah Willcox, deceased, filed her petition claiming of the defendant one hundred and thirty-four dollars and eighty-four cents.

On the 26th day of September, 1876, the defendant filed his answer, denying every allegation of the petition.

On the 27th day of February, 1877, the defendant filed his counter-claim, alleging "that on or about the 8th day of September, 1873, in the life-time of the said Jeremiah Willcox, defendant sold and delivered to said Willcox nineteen head of fatted cattle, for which said Willcox undertook and promised to pay defendant the sum of eight hundred and sixty dollars, and at the time the said Willcox paid to defendant twenty dollars, leaving due for said cattle eight hundred and forty dollars; that said sum, with interest thereon from the day of sale, is still justly due defendant from the estate of said deceased."

The defendant demands judgment for eight hundred and forty dollars, with six per cent interest.

On the 1st day of March, 1877, the plaintiff filed her reply to the counter-claim, denying every allegation therein contained.

On the 4th day of October, 1877, the plaintiff filed her amendment to reply, alleging "that, on the 1st day of February, 1876, she was duly appointed and qualified as admin-

istratrix of the estate of said Jeremiah Willcox, deceased, and in pursuance of the order of this court in making said appointment she gave due and legal notice of said appointment by publication for two weeks in a newspaper published in said county, said notice being published on the 24th day of February, 1876, and the 2d day of March, 1876, as will more fully appear by examination of the records of this court. She states that the defendant's said counter-claim or cross-demand was never filed as a claim against the estate, except by being pleaded in this case; that said claim was not filed or pleaded against said estate until the 27th day of February, 1877, and she further states that said claim has not at any time been pending in the District or Supreme Court; that there are no peculiar circumstances that entitle said defendant to equitable relief. She, therefore, asks judgment thereon against said defendant."

The defendant demurred to the amended reply. The demurrer was sustained, and the plaintiff excepted.

On the 6th day of March, 1878, on motion of plaintiff, her cause of action was dismissed. Defendant's counter-claim was not dismissed. On the same day the plaintiff filed her second amendment to reply, setting up substantially the same facts, as alleged in her former amendment.

The defendant filed his motion to strike from the files the second amendment to the reply "because the same defense was set up in the first reply, to which a demurrer was sustained, and this defense is but a repleader of the former matter, which has been adjudged bad on demurrer."

The court sustained this motion, to which the plaintiff excepted. The plaintiff thereupon filed her third amendment to reply, alleging that all cattle bought by said decedent of said defendant were fully settled and paid for during the lifetime of said deceased. The cause was tried by the court, and the counter-claim was allowed against the administratrix to the amount of seven hundred and fifty-one dollars. The plaintiff appeals.

*Dashiell & Andrews,* for appellant.

*Perry & Townsend,* for appellee.

DAY, J.—I.   It is claimed that the facts alleged in the reply show that the defendant's claim is barred by the statute of lim-
1. ADMINIS-        itations, and that the demurrer to the reply was
TRATOR : time
for filing claim.   improperly sustained.   The Code, § 2366, provides that executors or administrators, when first appointed, shall publish such notice of their appointment as the court or clerk may direct, which direction shall be indorsed on the letters. when issued.   The reply alleges that plaintiff gave due and legal notice of said appointment by publication in a newspaper for two weeks, the publications being on the 24th day of February and the 2d day of March, 1876.   In the absence of any averment to the contrary the presumption is that this notice was given in compliance with the requirement of the order of the court or the clerk, and that notice was complete on the day of the last publication, March 2, 1876.   The counterclaim was duly verified, and was filed on the 27th day of February, 1877.   Section 2421 of the Code provides: "All claims. of the fourth of the above classes, not filed and proved within twelve months of the giving of the notice aforesaid, are forever barred unless the claim is pending in the District or Supreme Court, or unless peculiar circumstances entitle the claimant to equitable relief."   The claim in question was filed three days before the expiration of a year from the giving of notice by the administratrix.   It had not been proved in October, when the plaintiff filed her amended reply.

The appellee relies upon *Wile v. Wright,* 32 Iowa, 451.   It is apparent from the whole opinion that that decision was. based upon the ground that the peculiar circumstances of the case entitled the claimant to equitable relief, thus bringing the case within the exception named in the statute.   The.decision in the court below was placed expressly upon that ground, and that decision is affirmed.   The opinion says:.

"The claim was filed at such time as furnished reasonable ground for believing that it might be proved at the May Term of the Circuit Court, and before the expiration of the time limited in the statute. A mistake in the notice rendered a continuance to the August Term necessary." In that case the claim was filed two months before the time limited in the statute expired, and it failed to be proved because of failure to get proper notice. In this case the claim was not filed until within three days of the expiration of the time allowed. No excuse whatever is offered for the delay. No equitable circumstances entitling the claimant to equitable relief are shown. The reply alleges that no peculiar circumstances entitling the claimant to equitable relief exist, and yet this reply is held bad on demurrer. To sustain this holding would completely nullify the provision of the statute that claims must be filed and proved within twelve months of the giving of notice, unless peculiar circumstances entitle the claimant to equitable relief.

In *Noble v. Morrey*, 19 Iowa, 509, commenting upon the provisions of the Revision, the court say: "It is true that such claims have to be *proved*, as well as *filed*, within eighteen months. * * * If a claim of the fourth class should be filed, but, without the claimant's fault, should not be passed upon within the eighteen months, then we can only suggest that it would seem that the claimant would be entitled to the equitable relief contemplated by the statute." If the claim in question failed to be passed upon through no fault of the defendant, or there are any other peculiar circumstances entitling the defendant to equitable relief, he should show the existence of those circumstances and bring himself within the exception of the statute. In the absence of any such showing his claim is barred by the express language of the statute, and to hold that he may recover simply from the fact of filing his claim within twelve months of the giving of notice by the administrator, would be nothing less

than a repeal of the statute by judicial construction.    The court erred in sustaining the demurrer to the reply.

REVERSED.