Colby v. King, Adm'r.

## COLBY v. KING, ADM'R.

1. **Estates of Decedents:** FAILURE TO PROVE CLAIM: STATUTE OF LIMITATIONS: EQUITABLE CONSIDERATIONS. Plaintiff held a note, secured by chattel mortgage, against the estate. He filed his claim in time, but neglected to prove it within the twelve months provided by § 2421 of the Code. *Held* that the claim was barred, notwithstanding plaintiff had permitted the mortgaged property to be sold in the belief that there was "plenty of property to pay the debts," and notwithstanding the administrator had agreed to see him paid. The discharge of the property was immaterial, and the promise of the administrator, whether made before or after the claim was barred, was incompetent to bind the estate.

*Appeal from Humboldt District Court.*

THURSDAY, DECEMBER 10.

ACTION AT LAW. Judgment for the plaintiff, and the defendant appeals.

*W. W. Quivey* and *Wright & Farrell*, for appellant.

*G. H. Shallenberger*, for appellee.

SEEVERS, J.—This is an action to recover or have allowed a claim against an estate. The defendant pleaded that it had not been filed and proved within twelve months of giving notice of the appointment of the administrator, as provided in section 2421 of the Code. The plaintiff claims that there are peculiar circumstances which prevented or excused him from proving the claim within that time, and therefore he is entitled to equitable relief. Code, § 2421. The claim consists of a promissory note executed by the deceased, secured by a chattel mortgage. The evidence tends to show that the plaintiff permitted the mortgaged property to be sold under the belief that there was "plenty of property to pay the debts." The plaintiff testified that the defendant "agreed to see me paid.     *     *     *     King told me to file and prove my claim at the term of court for February, 1883; that he would investigate and pay all just claims." Whether this last conversation took place before or after the claim was barred is uncertain. But it is immaterial in our opinion when it occurred. If not until afterwards, then the evidence simply shows that the defendant agreed to pay the claim. But an administrator cannot legally pay any claim unless it has been established as a claim against the estate in the manner provided by law. Both parties are presumed to so know. The promise, therefore, could not have been unconditional, and the plaintiff should have so known. The promise, conceding it to have been made as broadly as the plaintiff claims, as to which there are serious doubts, was one on which he cannot be permitted to rely to excuse his own negligence. Besides this, the plaintiff does not testify that, relying on such promise, he failed to prove his claim; but only that relying thereon he permitted the mortgage property to be sold. The fact that he had a mortgage and released the property is wholly immaterial. Again, the plaintiff did not rely on the promise, because he filed the claim in time, but negligently omitted to prove it. The circumstances do not, in our opinion, entitle the plaintiff to equitable relief.

REVERSED.