## CLARK v. TALLMAN, ADM'R.

1. **Estates of Decedents:** STATUTE OF LIMITATIONS: ADMINISTRATOR BOUND BY HIS OWN NOTICE. Where an administrator gives such notice of his appointment as he thinks sufficient, without any order in relation thereto by the court or clerk, he cannot be heard to say that such notice was insufficient and in law no notice, for the purpose of saving a claim, filed by him against the estate, from the statute of limitations.

2. ———: ———: CLAIM OF FOURTH CLASS BARRED: EXAMPLE. Where an administrator himself held a claim of the fourth class against the estate, but neglected without excuse to file it until within a few days of the expiration of the year next following the giving of the notice of his appointment, and there was not time within such year to give due notice of the filing of the claim and for the parties adversely interested to prepare for trial, and so the claim was not *proved* within the year, as provided by § 2421 of the Code, *held* that the claim was barred by the statute at the time the trial was reached.

*Appeal from Clarke Circuit Court.*

FRIDAY, MARCH 19.

THE plaintiff sought in the court below to establish a claim against the estate of Chauncy Clark, deceased, of which estate the defendant, Tallman, was appointed special administrator. There was a trial by jury, which resulted in a verdict and judgment for the defendant. Plaintiff appeals.

*McIntire Bros.* and *M. L. Temple*, for appellant.

*W. M. Wilson* and *Tallman & Burnett*, for appellee.

ROTHROCK, J.—Chauncy Clark died on the twenty-eighth day of August, 1883. At the time of his death he was the owner of considerable money, and was not supposed to be in debt to any one. On the fourth day of September, 1883, his son, C. M. Clark, who is plaintiff herein, was appointed administrator of decedent's estate on his own petition.

There is some question made by the parties as to the date of the notice of his appointment as administrator. The

defendant claims that the service of notice was complete on the sixth day of September, and this appears to have been the view of the circuit court. The plaintiff contends that notice was not complete until September 13th. In the view we take of the case this is an immaterial question. We do not think the rights of the parties are controlled by the difference between these dates; and the fact that no formal order was made by the clerk of the circuit court as to the kind of notice which should be given is also immaterial. The plaintiff gave such notice as he thought to be sufficient, and he acted upon it, and proceeded to administer on the estate, and he ought not now to be allowed to claim that his acts were illegal, or that he gave no proper notice. The circuit court of Clarke county was in session when the appointment was made. It was again in session in regular term in February, 1884. It again convened in regular session on September 1, 1884. On that day the plaintiff filed a claim against the estate for $805. This claim was in the nature of an account for boarding and lodging Chauncy Clark, and making, mending and washing his clothes, for 230 weeks, at $3.50 per week. The heirs of the decedent were not present when the claim was filed, and had no knowledge that any such claim would be presented. They had employed W. B. Tallman, an attorney residing at Osceola, to look after their interests, and see to a distribution of the estate. The attorney who filed the claim for the plaintiff called the attention of the court to it, and several times during the term insisted on having the claim proved up. Tallman answered their requests by asking time to consult the heirs, none of whom were present, and some of whom were non-residents of the county and state. The matter was thus delayed until the last day of the term, when Tallman was appointed special administrator to act upon the claim, and the cause was continued until the February term, 1885. At that term issue was joined upon the claim, and the same was tried to a jury,

and the record shows that some six days of the term were taken for the trial of the case.

The defendant pleaded the statute of limitations, as found in section 2421 of the Code, which is, in substance, as follows: All claims of the fourth class not filed and proved within twelve months of the giving of the notice of administration are forever barred, unless the claim is pending in the district court or supreme court, or unless peculiar circumstances entitle the claimant to equitable relief. The claim in question is an ordinary account, entitled to no preference. It is a general claim against the estate, and belongs to the fourth class of claims. It was not filed and proved within twelve months, and the jury found specially that it was barred by the statute, there having been no peculiar circumstances shown entitling the plaintiff to equitable relief.

The question to be determined upon this appeal is, was the jury warranted in making such finding? We are very clearly of the opinion that the verdict is in full accord with the evidence. The claim was not filed until within a few days of the expiration of the year. The record shows that the plaintiff and his attorney knew that it must be filed and proved within one year. They also knew that a special administrator must be appointed to act upon the claim. They knew that there must be notice of the presentation of the claim, and that a proper regard for the rights of the other heirs required that they should have time to prepare for trial after having notice of the claim. Having full knowledge of all these facts, the plaintiff filed his claim on the first day of the term, and presented himself and his witnesses, and demanded that he be heard at once. He had no reason to believe that a special administrator could be appointed, and the hearing had, at that term; and his delay in presenting the claim, and his failure to even advise the other heirs that he had such claim, show very plainly that the delay in presenting and proving it was a matter of his own choice, and that he is not entitled to equitable relief. No excuse whatever is

offered for the delay in presenting the claim, and if we were to hold that the jury were not warranted in so finding, it would be a virtual abrogation of the statute.

AFFIRMED.