IN THE MATTER OF THE ESTATE OF ANNA M. JACOB, Deceased.

Claim Against an Estate:    FAILURE TO GIVE NOTICE:    STATUTORY BAR:    EQUITABLE RELIEF.    Where a claim is filed by a county against an estate and the same is neither allowed nor filed with notice as required by Code, section 3338, and is therefore barred, the fact that the administrator fails to file an inventory as required by law, or that the estate remains unsettled, is not sufficient to overcome the statutory bar.

*Appeal from Fayette District Court.*—HON. A. N. HOBSON, Judge.

MONDAY, JANUARY 26, 1903.

APPEAL from judgment disallowing a claim of Fayette county against the estate for $966, being for the care and support of the deceased, Anna M. Jacob, while an insane inmate at the state hospital at Independence.—*Affirmed.*

*Hoyt & Hancock* for appellant.

*Ainsworth, Ainsworth & Dykins* for appellee.

McCLAIN, J.—Notice of appointment of the administrator was given in October, 1899, and in May, 1900, the claim of Fayette county was filed against said estate. On March 5, 1901, the court approved the final report of the administrator, and ordered distribution of the estate. Two days afterward this order was set aside as to Fayette county, and time was given to show cause why final discharge should not be granted as to its claim. Although no inventory of the estate was filed until December 27, 1900, when the notice for the discharge of the administrator was served upon the county, and the administrator's final report was filed, yet it appeared from the petition for the appointment of the administrator that the estate was possessed of assets of the value of $2,500, this being the amount shown by the guardian of her estate as an insane person to be the amount for which he would account to her administrator. The claim of Fayette county was not filed until more than six months after notice of the administrator's appointment was given, and the claim of the county therefore belonged to the fourth class specified in Code, section 3348. By Code, section 3349, claims of this class are barred after the expiration of twelve months from the giving of notice of the appointment of the administrator, unless previously filed and allowed, or filed with notice of hearing, as provided in Code, section 3338. The claim of Fayette county had not been allowed; neither had notice of the hearing thereof been given within one year. Indeed, no notice of hearing had been given when the county, on March 7, 1901,—which was two years and five months after the notice of the appointment of administrator,—moved to have the order for distribution of property set aside. The county's claim was, therefore, barred, unless the peculiar circumstances shown by the claimant entitle it to equitable relief as provided in Code, section 3349.

We have often had occasion to determine what circumstances entitle a claimant to equitable relief under this section; but, without reviewing the cases, which are of necessity based upon the peculiar facts involved in each, it is enough to say that we find no case where equitable relief from the bar of the statute has been granted without some showing of diligence, or at least some excuse for failure to exercise diligence. In this case there is no showing of any diligence whatever. There is no valid, or even plausible reason why the officers of the county did not, within the year, serve notice of the hearing of the claim.

It is urged that failure to file the inventory as required by statute relieved the officers of their duty to act, inasmuch as it did not appear that the estate was solvent; but there is no statutory provision relieving a claimant of obligation to file his claim until the inventory is filed, nor was the filing of the inventory a material matter, inasmuch as the report of the guardian and the application for the appointment of the administrator showed clearly what were the assets of the estate. It can properly be conceded to appellant that notice to the administrator was not essential to the validity of the original filing of the claim, but, to avoid the statutory bar, it was essential that such notice be given within the year, and this was not done.

Counsel urge that some leniency should be exercised in favor of the claims of a county, represented as it must be by officers whose duties and responsibilities may conflict; but other parties are also entitled to consideration, and we know of no principle of law which relieves a county from responsibility for the neglect of its proper officers in the transaction of its business. This claim was in no sense contingent or uncertain, and could have been prosecuted without any apparent difficulty in the ordinary administration of the county affairs. It has often been said that the fact that the estate remains unsettled may be taken into account with other circumstances in deter-

mining whether a claimant shall have relief against the statutory bar; but we have never held that this fact alone would be a sufficient ground for giving such relief. To so hold would amount to a practical annulment of the plain statutory provisions.

The action of the lower court in refusing to allow the claim of the county is therefore AFFIRMED.