JOHN SIMPSON et al., Appellants, v. IRENE BELLE BURNHAM, Administratrix, et al., Appellees.

No. 40118.

MARCH 11, 1930.

*A. M. Miller,* for appellants.

*C. H. Van Law,* for claimant, appellee.

*E. M. S. McLaughlin,* for administratrix and special administrator, appellees.

KINDIG, J.—On December 26, 1927, Sarah Jane Simpson died intestate, survived by five children, who were her sole and only heirs at law. They were Maud Dunn, who is mentally incompetent, the claimant-appellee Irene Belle Burnham, and the objectors-appellants, John Simpson, Walter Simpson, and Pearl Holmes.

Sarah Jane Simpson's husband died on April 29, 1926. After his death, the widow lived with the claimant for approximately 20 months, first at Kellogg, and later at Marshalltown. During that period, the mother was practically an invalid, and needed careful and constant care. It is for said services that claimant now makes demand upon the mother's estate for $836. Irene Belle Burnham, the claimant, and her mother were the executrices of Mr. Simpson, Sr's., estate. Through that estate the mother, Sarah Jane Simpson, inherited some property. A part thereof was left at her death. To administer upon this remaining property, the claimant, Irene Belle Burnham, was appointed administratrix, January 5, 1928. Accordingly, notice of such appointment was duly given, January 6th thereafter.

Although the claimant had the previous experience, administering her father's estate, and, in addition thereto, actually knew it was necessary that claims be filed for allowance, under the statute, yet she did not file her present claim until more than one year "from the giving of the notice" of her appointment as administratrix. Because of this failure, the objectors opposed the allowance. The district court, however, permitted the claimant to recover on her demand, to the extent of $500.

Therefore, the objectors say that the district court ignored the special statute of limitations applicable, and because thereof they ask a reversal.

I. Sections 11970 and 11972 of the 1927 Code provide, respectively:

"11970. Other demands [than administration expenses, funeral expenses, allowance for the widow, etc.] against the estate shall be payable in the following order: * * *

"3. Claims filed within six months after the first publication or posting of the notice given by the executors or administrators of their appointment.

"4. All other debts. * * *

"11972. All claims of the fourth of the above classes, not filed and allowed, or if filed and notice thereof, as hereinbefore provided, is not served within twelve months from the giving of the notice aforesaid [under Class 3, above], will be barred, except as to actions against decedent pending in the district or Supreme Court at the time of his death, *or unless peculiar circumstances entitle the claimant to equitable relief.*" (The italics are ours.)

First in our discussion, it is important to consider the peculiar circumstances urged to meet the prerequisites of the last-named statute. Do they meet the requirement? Manifestly, each case must depend upon its own facts, to present the peculiar circumstances such as will warrant equitable relief. *Nichols v. Harsh,* 202 Iowa 117. Said statute is to be given liberal construction, "in order to effectuate justice." *Nichols v. Harsh,* supra; *Ball v. James,* 176 Iowa 647 (local citation 658); *Johnston v. Johnston,* 36 Iowa 608; *Brewster v. Kendrick,* 17 Iowa 479. That is the measure by which the sufficiency of claimant's facts are to be determined.

Reference to her evidence is now necessary. In effect, claimant declares that she cared for her mother with the assurance from the latter, as well as the objectors, that compensation would be forthcoming. Stated in her own language, claimant says that her brothers and sister, upon that occasion, said "for me to keep track of it [the expense of the mother's care], and put in my bill." These statements of claimant's are contradicted and denied by the objectors. No doubt appears, however, that claim-

ant, at the special instance and request of her mother, furnished the care and keep aforesaid, with the expectation on the part of both that a claim would later be filed therefor against the estate. Witnesses other than claimant testified to that effect. Consequently, it is fair to say, after giving full force and effect to all the evidence, that a contract existed between claimant and her mother, under which the services were rendered. This agreement was not different from the ordinary one under circumstances of that kind, and the compensation contemplated as a consideration for the services involved was to be obtained when the decedent died. Hence, a claim therefor must, of necessity, be filed with the estate, as provided by statute, and, unless peculiar circumstances make it unnecessary, such filing must be made within the year. Nothing appears concerning the inception of this particular agreement which amounts to peculiar circumstances. None of the objectors in any way indicated, before the mother died, that it would not be necessary to file said claim in the usual and ordinary way. At no time did the objectors say, or even suggest, that a claim need not be filed until the occasion of a delayed final settlement, regardless of statutory periods.

Thus the matter stood until claimant was appointed administratrix. Thereafter, the objectors said absolutely nothing to her. There was no misleading, lulling to sleep, or otherwise diverting the claimant from the regular course of her duties in that regard. She had a contract to be performed by the estate, but the method of enforcing the same was in no wise altered or changed by peculiar circumstances.

II. Failure to make the proper filing was due to claimant's own negligence, and under such circumstances, the mere fact that the estate is solvent and unsettled will not furnish the statutory peculiar circumstances. They must exist independent of the fact that the estate is solvent and unsettled. *Anderson v. Storie*, 208 Iowa 1172; *Roaf v. Knight*, 77 Iowa 506; *In re Estate of Jacob*, 119 Iowa 176. See, also, *Colby v. King*, 67 Iowa 458.

During the discussion in *In re Estate of Jacob* (119 Iowa 176), supra (local citation 178, 179), we declared:

"It has often been said that the fact that the estate remains unsettled may be taken into account with other circumstances in

determining whether a claimant shall have relief against the statutory bar; but we have never held that this fact alone would be a sufficient ground for giving such relief. To so hold would amount to a practical annulment of the plain statutory provisions."

Likewise, in the case at bar, the claimant, without any excuse, negligently refrained from filing her claim in due time. So, under the conditions here presented, it would be necessary to overrun and trample down the statute, if the special bar thereof is raised for claimant's benefit simply because the estate is solvent and still unsettled. Peculiar circumstances not existing, there is no alternative for us. The claim must be denied. Substantial evidence did not exist upon which the trial court could predicate its finding in favor of the judgment.

III. Here, the claimant knew that she must file her claim before the final settlement of the estate. Whether she understood the necessity of complying with the statutory requirement regarding time, is not so clear; but, in any event, a mere mistake of law will not excuse the claimant, under the circumstances.

Upon this subject, we said, in *In re Estate of Ring,* 132 Iowa 216 (local citation 225):

"It also appears that letters of administration were issued to claimant which clearly stated that all claims should be sworn to and filed, and, when filed, should be approved by the administrator. These letters also stated that all claims not filed within twelve months were forever barred. Claimant was himself the administrator of the estate, and has only himself to blame for not filing his claim. His mistake was purely one of law, and due wholly to his own neglect. His only excuse is that he did not think it necessary to file claims. Surely, that is not an equitable circumstance which will justify the relief sought."

Claimant received from her mother, during the 20-months period, approximately $85, for which credit was duly given. Under the circumstances above suggested, the further claim allowed by the district court is disapproved, and the judgment and

decree of that court should be, and hereby is, reversed.—*Reversed.*

MORLING, C. J., and EVANS, FAVILLE, and GRIMM, JJ., concur.