PETER J. LUCAS, Executor, Appellee, v. ELIZABETH RUDEN et al., Executors, Appellants.

No. 42570.

APRIL 2, 1935.

REHEARING DENIED OCTOBER 25, 1935.

John J. Kintzinger and Robert Kintzinger, for appellants.

Allan J. Kane and A. J. Nelson, for appellee.

DONEGAN, J.—On March 11, 1925, Nicholas Ruden, Jr., and Mary A. Ruden, his wife, executed and delivered a note for $4,000 to Nicholas W. Lucas. This note was also signed by Nicholas Ruden, Sr. Nicholas Ruden, Sr., died November 15, 1930. His will was admitted to probate, executors thereof appointed, and notice of such appointment given on December 29, 1930. On October 5, 1931, Nicholas W. Lucas, the owner and holder of the note, filed a claim against the estate of Nicholas Ruden, Sr., for the balance due thereon. On November 28, 1931, Nicholas W. Lucas died. He left a will which was admitted to probate and executor thereof appointed on January 4, 1932. No notice of hearing on the claim filed by him against the estate of Nicholas Ruden, Sr., was given by Nicholas W. Lucas before his death. On December 29, 1931, one week before the appointment of the executor of his will, the year for the giving of such notice expired.

The executor of the will of Nicholas W. Lucas, deceased, did nothing in reference to the filing of notice of hearing and took no action in connection with the claim which had been filed by his testator until January 30, 1933, on which day he served a notice, entitled "Original Notice," upon the executors of the

estate of Nicholas Ruden, deceased. A petition, entitled "Petition at Law," was also filed on that day. Later, an amended and substituted petition was filed. In this amended and substituted petition the plaintiff alleged the death of his testator, Nicholas W. Lucas, prior to the expiration of the year for giving notice of hearing on the claim which had been filed by his testator, the expiration of such year before plaintiff's appointment as executor, that under these facts, he was entitled to equitable relief from the bar of the statute, and he asked that his claim be allowed. Defendants-executors of the estate of Nicholas Ruden, Sr., deceased, answered, setting up the bar of the statute, and denying the existence of any facts which would entitle plaintiff to any equitable relief. Defendants further alleged that no notice of the hearing of the claim was ever served on the executors of the estate, or either of them, as provided by law.

The matter was transferred to equity, and upon trial it was ordered that the plaintiff be authorized to prosecute his claim in the law division of this court. From this order the defendants appeal.

■■■ The claim involved herein was filed more than six months after the executors of the estate of Nicholas Ruden, deceased, had been appointed and given notice. It was, therefore, a claim of the fourth class under section 11970, of the Code, 1931. Section 11972 of the Code 1931 provides that:

"* * * All claims of the fourth of the above classes, not filed and allowed, or if filed and notice thereof, as hereinbefore provided, is not served within twelve months from the giving of the notice aforesaid, will be barred, except as to actions against decedent pending in the district or supreme court at the time of his death, or unless peculiar circumstances entitle the claimant to equitable relief."

While the claim itself was filed before the expiration of the year from the appointment and giving of notice by the executors, no notice of hearing on such claim was given by the deceased claimant prior to his death, and no notice of any kind was given by the executor of his estate, and no action of any kind was taken in reference to such claim until January 30, 1933, when the notice entitled "Original Notice" was served. It is clear, therefore, that the claim was barred because of failure to serve

notice of hearing within the year, as provided by section 11972, unless there are peculiar circumstances entitling the claimant to equitable relief from the bar of the statute. The only question involved in this case is whether or not there were such peculiar circumstances as to entitle the claimant to such equitable relief.

■■■ Appellants claim that the notice served on January 30, 1933, was not a notice of hearing on the claim, and that no such notice of hearing has ever been served. A copy of the notice thus served is set out in the record. In form, it appears to be an original notice of the institution of an action at law, instead of a notice of hearing upon the claim that had been filed, although a liberal construction might hold its allegations were sufficient to give notice of such hearing. However, no copy of the claim was attached thereto, as provided by statute, section 11959 of the Code 1931, and, for this reason alone, it would be an insufficient compliance with that statute. But, even if we assume that this notice was a notice of hearing, as provided by section 11959, we still are confronted with the question whether peculiar circumstances existed which excused the appellee from serving such notice until a year and one month after his appointment.

It may be conceded that Nicholas W. Lucas having filed his claim against the estate of Nicholas Ruden, Sr., and having died before the expiration of the year from the appointment of and giving of notice by the executors of the Ruden estate, the circumstances thus presented might be such as to relieve his estate from a strict compliance with the provision of the statute. So far as we can find, in only one case hitherto presented to this court was there a failure to serve the notice of hearing after the claim itself had been filed within the time provided by statute. In re Jacob's Estate, 119 Iowa 176, 93 N. W. 94. In that case, however, it was held that the circumstances relied on did not excuse the claimant from serving notice of hearing within the statutory period. Whether or not the peculiar circumstances which must exist in order to entitle the claimant to relief from a failure to serve notice must be of the same weight as the peculiar circumstances which would excuse from failure to file the claim itself, we need not and do not here determine. That there must be some peculiar circumstance to justify relief from

a failure to serve the notice is a positive requirement of the statute and is conceded by the appellee herein.

The amended and substituted petition filed by appellee alleged, as such peculiar circumstance relieving from the bar of the statute, the death of Nicholas W. Lucas prior to the expiration of the year for giving notice of hearing. It is further alleged that both before and after the filing of the claim, Nicholas W. Lucas conferred and negotiated with the executors of the estate of Nicholas Ruden, Sr., and with the heirs of the estate, relative to its settlement and liquidation, and that he was misled by said executors and heirs into believing that the service of notice in the pendency of the claim would not be necessary, but, so far as we can find, the record is entirely silent as to any evidence in support of these latter allegations. The record shows that the estate of Nicholas Ruden, Sr., is still open and that it is solvent. While these circumstances should be given consideration by the court, it is well settled that they are not the peculiar circumstances entitling the claimant to equitable relief that are referred to in the statute, and this is admitted by the appellee. Roaf v. Knight, 77 Iowa 506, 42 N. W. 433; In re Jacob's Estate, 119 Iowa 176, 93 N. W. 94; Anderson v. Storie, 208 Iowa 1172, 227 N. W. 93, 66 A. L. R. 1410; Simpson v. Burnham, 209 Iowa 1108, 229 N. W. 679; Taylor v. Jackson, 213 Iowa 844, 239 N. W. 519; Williams v. Schee, 214 Iowa 1181, 243 N. W. 529; Anthony v. Wagner, 216 Iowa 571, 246 N. W. 748.

 The only thing in the nature of a peculiar circumstance that appears in the record, and apparently the only thing relied upon by the appellee, is the fact that Nicholas W. Lucas died after having filed his claim and before the year for the serving of the notice of hearing had expired. If he had lived, he would have had until the 29th day of December, 1931, to serve notice of hearing. Because of his death and because the executor of his estate was not appointed until January, such notice could not be served until after the year for serving it had expired. Conceding that this was a peculiar circumstance that would avoid the bar of the statute until after the executor of the Lucas estate had been appointed and was in a position to act, did it relieve such executor from any duty to serve notice of hearing, or was he required to act diligently in seeing that such notice was served before being entitled to the equitable relief afforded

by this peculiar circumstance? The statute makes no distinction between the necessity of filing the claim and the necessity of serving the notice of hearing. Both must be done before the expiration of the twelve months from the time of the giving of notice by the executor of his appointment. No case which we have been able to find makes any distinction in this regard. In re Jacob's Estate, 119 Iowa 176, 93 N. W. 94; In re Estate of Ring, 132 Iowa 216, 109 N. W. 710; In re Estate of Fatland, 197 Iowa 1231, 198 N. W. 785. Prior to the enactment of the present statute, which first appeared in the Code of 1897, the statute then in effect (section 2421, Code of 1873) provided that ''all claims of the fourth of the above classes not filed and proved within twelve months of the giving of the notice aforesaid, are forever barred, * * * unless peculiar circumstances entitle the claimant to equitable relief.'' Neither this statute nor any case construing it makes any distinction between the necessity of filing the claim and the necessity of proving it within the time fixed by the statute. See Willcox v. Jackson, 51 Iowa 296, 1 N. W. 536; Clark v. Tallman, Adm'r, 68 Iowa 372, 27 N. W. 261; Noble v. Morrey, 19 Iowa 509.

Section 11972, Code of 1931, is, moreover, a statute of limitation and not a statute prescribing the necessity of filing claims and serving notice of hearing thereon. Section 11957, Code of 1931, provides for the filing of claims, and section 11959 provides for the service of notice of hearing thereon. Section 11972 provides that a failure to file the claim, as provided in section 11957, or to serve the notice of hearing thereon, as provided in section 11959, within twelve months after notice of appointment of the executor or administrator, shall bar the claim, unless peculiar circumstances entitle the claimant to equitable relief. There is nothing in any of the statutes, or in any of the cases, to indicate that the equitable circumstances that will excuse a claimant's failure to file the claim or to serve the notice within the twelve months will relieve him from the necessity of filing the claim and serving the notice thereafter. It is quite apparent, therefore, that even though the death of Lucas, after filing his claim but before the twelve months had expired, would excuse his estate from serving notice of hearing until after the twelve months had expired, and until the executor of his estate was appointed, it would not relieve the estate or the executor thereof from serving such notice of hearing thereafter.

The question naturally arises: How soon after his appointment must the executor of the Lucas estate serve the notice of hearing in order to entitle him to claim relief from the bar of the statute? Nicholas W. Lucas died November 28, 1931. If he had lived until the twelve months from the giving of the notice of his appointment by the executor of the Ruden estate had expired on December 29, 1931, he would have had 31 days within which to serve the notice of hearing.. The executor of his estate could have served this notice of hearing at any time after his appointment, and we know of no good reason why he should. have more time within which to do so than his decedent would have had if living, unless it be that he had no knowledge of the existence of the note upon which the claim was based. The record is silent as to when he first had knowledge of the existence of this note, but. it conclusively shows that he did have such knowledge on the 20th day of February, 1932, because on that day Nicholas Ruden, Jr., paid him the interest on the note. Even if we assume that he had no knowledge of the existence of this note until the 20th day of February, 1932, and if we allow him 31 days thereafter, the same length of time that his decedent would have had to serve notice, if living, the executor of the Lucas estate should have served this notice not later than the 21st day of March, 1932. Not only did he not serve this notice, but, so far as the record shows, he did absolutely nothing in regard to this claim until January 30, 1933, more than ten months thereafter. So far as we can find from the record, there is not a single word of evidence tending to excuse the executor of the Lucas estate from serving this notice of hearing at any time after his appointment.

**■■■** The trial court, while finding that there was unreasonable delay on the part of the claimant-executor in serving notice of hearing, held that laches on his part would not defeat his right to equitable relief, unless there was something in the way of estoppel such as a change in the position of the executor or heirs or creditors of the Ruden estate resulting from such delay. In thus holding we think the trial court erred. The decisions of this court have been uniformly consistent in holding that negligence on the part of a claimant will defeat his right to equitable relief regardless of any element of estoppel. See Ferrall v. Irvine, 12 Iowa 52; Brewster v. Kendrick, 17 Iowa 479; Lacey v. Loughridge, 51 Iowa 629, 2 N. W. 515; Colby v. King,

Adm'r, 67 Iowa 458, 25 N. W. 704; Schlutter v. Dahling, 100 Iowa 515, 69 N. W. 884; In re Jacob's Estate, 119 Iowa 176, 93 N. W. 94; Bentley v. Starr, 123 Iowa 657, 99 N. W. 555; McDermott v. McDermott, 138 Iowa 351, 116 N. W. 122; In re Estate of Fatland, 197 Iowa 1231, 198 N. W. 785; Anderson v. Storie, 208 Iowa 1172, 227 N. W. 93, 66 A. L. R. 1410; Simpson v. Burnham, 209 Iowa 1108, 229 N. W. 679; In re Estate of Palmer, 212 Iowa 21, 236 N. W. 58; Anthony v. Wagner, 216 Iowa 571, 246 N. W. 748. In re Jacob's Estate, 119 Iowa 176, reading at page 178, 93 N. W. 94, we said:

"We have often had occasion to determine what circumstances entitle a claimant to equitable relief under this section, but, without reviewing the cases, which are of necessity based upon the peculiar facts involved in each, it is enough to say that *we find no case where equitable relief from the bar of the statute has been granted without some showing of diligence, or at least some excuse for failure to exercise diligence.*" (Italics are ours.)

We think the record in this case shows that the appellee-executor was negligent, in not serving the notice of hearing or taking any action in reference to the claim which had been filed by his testator, within a reasonable time after his appointment, and that the peculiar circumstance of his testator's death before the expiration of the year for serving such notice did not relieve him from the bar of the statute for the unreasonable length of time that elapsed after his appointment before any action was taken by him. To hold otherwise would, in our opinion, as said In re Jacob's Estate, supra, "amount to a practical annulment of the plain statutory provisions."

The order of the district court is, therefore, reversed.—Reversed.

ANDERSON, C. J., and ALBERT, POWERS, PARSONS, and HAMILTON, JJ., concur.

KINTZINGER, J., takes no part.

MITCHELL and RICHARDS, JJ., dissent.

MITCHELL, J. (dissenting)—I find myself unable to agree with the majority's opinion in this case and therefore respectfully dissent.

502

In the majority opinion they concede that there were peculiar circumstances, entitling the claimant to equitable relief. The majority say:

"The only thing in the nature of a peculiar circumstance that appears in the record, and apparently the only thing relied upon by the appellee, is the fact that Nicholas W. Lucas died after having filed his claim and before the year for the serving of the notice of hearing had expired. If he had lived, he would have had until the 29th of December, 1931, to serve notice of hearing, Because of his death and because the executor of his estate was not appointed until January, such notice could not be served until after the year for serving it had expired. Conceding that this was a peculiar circumstance that would avoid the bar of the statute until after the executor of the Lucas estate had been appointed and was in a postion to act, * * * ?''

But the majority then hold that due to the fact that the executor of the claimant's estate, who was not appointed until after the year had expired, did not serve the notice of hearing, or take any action with reference to the claim which had been filed by his testator, within a reasonable time after his appointment, the executor of the claimant's estate was guilty of negligence and that the statute of limitations would bar the right of the claimant's estate to recover on the claim.

It should be kept in mind at all times, in the case at bar: First, that the estate of Nicholas Ruden was open and solvent. Second, that the claim of the Nicholas W. Lucas estate against the Ruden estate was duly filed within the year. Third, that the claim was a just claim upon a promissory note, there being no dispute in regard to the note or the amount. Fourth, that, due to the death of Nicholas W. Lucas, it was impossible to serve notice within the period provided by the statute.

In the case of Manatt v. Reynolds, reported in 114 Iowa 688, at page 689, 87 N. W. 683, this court says:

"The record clearly shows that the plaintiff was conversant with the laws governing the time within which his claim must be filed and that he did nothing in relation thereto further than to request the bank official to attend to the matter for him, and to ask him later if he had done so. That the plaintiff relied in perfect good faith upon the statements made to him by the

assistant cashier, and believed that his note had been filed as a claim against the estate, cannot be doubted. It is equally as clear that the claim is a just one, and that the estate can suffer no detriment if it be ordered paid. The statute fixing the time for filing claims is a just and salutary one in a large number of cases, but it does not fail to recognize the fact that equitable circumstances may arise from time to time which should soften its strict provisions as to time, so that one who has a concededly just claim may not be deprived thereof on account of an oversight, or on account of some appearance of slight negligence, which can in no way work an injury to the legal rights of others.''

In the case above cited the claim was not even filed within two years. In the case at bar it was filed within the year provided by the statute. In the case above cited the only peculiar circumstance was the fact that the claimant had told some officer of a bank to file his claim, not an attorney, but a bank official. And yet this court held that that was such an equitable circumstance that it ''would soften the strict provisions of the statute as to time and that one who has a concededly just claim would not be deprived on account of an oversight or on account of some appearance of slight negligence which can in no way work an injury to the legal rights of others.'' If, under such circumstance, this court says that one holding a just claim will not be deprived of that claim, as this court said in Manatt v. Reynolds, then certainly in the case at bar, where it was an impossibility for the notice to be given within the time, and which the majority say was such a peculiar circumstance as would justify equitable relief, and where the claim, as in the case at bar, is a just and a fair one, on a promissory note which was duly filed within time, it seems to me that this claimant should not be deprived of his right to recover upon this just and fair claim. If appellee is permitted to recover, it will not work an injury to the legal rights of others, the Ruden estate being open and solvent. In the case at bar the appellants could have closed the Ruden estate earlier, and a notice of their intention to do so might have resulted in procuring action more promptly on the part of this appellee. The appellants did not see fit to close this estate sooner; they sat by and permitted the estate to remain open, with the claim of the Lucas estate duly filed. If appellee

had brought this action within a shorter time after qualifying as executor, the result would have been the payment of the claim. The delay does not change the situation; all that will result now, if appellee is successful in establishing his claim, will be its payment. No rights of creditors are changed. If the appellee can establish his claim as a just claim against these appellants, he should be permitted to do so.

The able and distinguished trial judge, before whom this case was submitted, listened to the evidence and had the witnesses before him. Discretion has been continually placed in the trial judge by this court in cases of this kind. I find nothing in this record to show that he abused this discretion.

I would affirm the judgment of the lower court.

RICHARDS, J. joins in this dissent.