LILLIAN O. MEIER, Appellee, v. ESTATE OF MARY E. BRIGGS; C. D. EVANS, Executor, Appellant.

No. 43235.

FEBRUARY 13, 1936.

REHEARING DENIED JUNE 19, 1936.

A. B. Williams, for appellant.

Harry A. Meier and William A. Hunt, for appellee.

KINTZINGER, J.—The decedent, Mary E. Briggs, died June 30, 1933. C. D. Evans was appointed executor of decedent's estate, and qualified as such in July, 1933. He published the first notice of his appointment as such on July 26, 1933.

There is evidence tending to show that the plaintiff, Lillian O. Meier, appellee, performed certain services for the decedent during the last five years of her lifetime. On July 10, 1934, she filed a claim of $2,500 against decedent's estate for *"services to * * * Mary Briggs * * * from January 1, 1928 * * * until (her) death on June 30, 1933,"* claiming $500 per year for five years. This claim was indorsed on the back, "Rejected, C. D. Evans, Exec." No valid notice of the hearing of this claim was ever served upon the executor of the estate, as required by section 11972 of the Code.

The claim was filed more than 6 months after publication of the notice of the executor's appointment, and therefore became a claim of the fourth class under section 11970 of the Code of 1931. Under section 11972 of the Code, "all claims of the fourth [class] not filed and allowed, or if filed *and notice thereof, as hereinbefore provided, is not served within twelve months* from the giving of the notice aforesaid, will be barred * * * *unless peculiar circumstances entitle the claimant to equitable relief."*

It will be noticed that this statute requires two things: First, that claims of the fourth class be filed within the first twelve months; and second, *that notice thereof be served upon the executor within twelve months.* A failure to comply with either one of these prerequisites is fatal to the claim, unless peculiar circumstances entitle claimant to equitable relief.

The claim was filed July 10, 1934, and *within twelve months* after the publication of the notice of the executor's appointment, and was therefore *filed* within the statutory time. But *no notice of the hearing thereof was ever given to the executor* of the estate, as required by section 11959 of the Code of 1931. The claim was therefore barred by section 11972 of the Code, "unless peculiar circumstances" are shown entitling "claimant to equitable relief."

On October 30, 1934, the court sustained a demurrer to the claim for services hereinabove referred to, upon the ground that it is a claim of the fourth class and was barred by the statute.

Thereafter she filed several amendments to her claim, alleging in three counts peculiar circumstances entitling her to equitable relief for not filing her claim sooner. This question was transferred to the equity division of the court for determination.

It is conceded by appellee that "there was only one issue before the court in this hearing, * * * and that the sole and only question to be decided on appeal is whether or not such equitable circumstances exist as to permit Lillian O. Meier to file her claim against the estate of Mary E. Briggs, deceased."

The "peculiar circumstances" alleged in her various amendments as "reasons for not filing the original claim sooner" are substantially as follows:

In count I, she alleges that the decedent during her lifetime gave her certain described stocks and bonds amounting to $2,500, which had been kept in her safety deposit box in the South Ottumwa Savings Bank, and delivered them to claimant by giving her possession of the keys to said box, in March, 1933. That such stocks and bonds belong to claimant, and were wrongfully demanded by the executor of decedent's estate and surrendered to him under protest on May 31 and June 20, 1934.

In count II, she alleges that during the first part of 1928 she entered into an oral contract with Mary E. Briggs, under which she performed certain labor and services for said Mary E. Briggs, as alleged in her original claim as later amended amounting to $2,500; that she did not file a claim therefor until July 10, 1934, because Mary E. Briggs gave her the stocks and bonds in question as payment of said services; that she was allowed to retain possession of such stocks and bonds for nearly a year after the appointment of the executor; and that on May 31 and June 20, 1934, C. D. Evans, the executor, wrongfully demanded and secured the surrender of said stocks and bonds under protest.

In count III, she alleges that she performed labor and services for decedent at her instance and request, as heretofore alleged; that the fair and reasonable value of said services is $2,500; that she did not file her claim therefor until July 10, 1934, because Mary E. Briggs had given her said stocks and bonds in payment of said services; that C. D. Evans, executor of decedent's estate, wrongfully demanded and secured the return of said stocks and bonds from this claimant on May 31 and June 20, 1934, under protest; that, although said Evans had been executor from July, 1933, he made no demand on her for said

stocks and bonds until May 31 and June 20, 1934; that her possession thereof was under a claim of ownership in payment of her claim; that said wrongful taking and the executor's failure to demand the stocks and bonds for nearly a year after his appointment as executor *are reasons for not filing her claim sooner*, and such facts constitute peculiar circumstances entitling her to equitable relief.

She therefore asks: (1) That the executor be authorized and directed to deliver and surrender said stocks and bonds to this claimant as her own property; (2) that the reasonable value of her services be declared a first lien upon the proceeds of said stocks and bonds, and that any portion of her claim remaining unpaid be allowed as a general claim against the estate; and (3) that her claim against the estate be allowed in the sum of $2,500.

The defendant filed a general denial, and alleged that, although the claim was filed on July 10, 1934, no notice thereof had been served upon the executor, as required by law, within twelve months from the publication of notice of his appointment; that such claim is one of the fourth class, and is therefore barred by the statute of limitations, as provided in section 11972 of the Code.

The question raised on this appeal does not relate to the validity of the claim filed, but rather to the existence of peculiar circumstances entitling claimant to equitable relief.

It is the general rule of the law in this state that a strong showing of peculiar circumstances entitling claimant to equitable relief is not necessary. Lamm v. Sooy, 79 Iowa 593, 44 N. W. 893; Ball v. James, 176 Iowa 647, 158 N. W. 684; In re Camp's Estate, 188 Iowa 734, 176 N. W. 795; Peterson v. Johnson, 205 Iowa 16, 212 N. W. 138; Smallwood v. O'Bryan, 208 Iowa 785, 225 N. W. 848.

It is likewise the rule of law in this state that, unless peculiar circumstances are shown, equitable relief will be denied. Roaf v. Knight, 77 Iowa 506, 42 N. W. 433; In re Jacob's Estate, 119 Iowa 176, 93 N. W. 94; Anderson v. Storie, 208 Iowa 1172, 227 N. W. 93, 66 A. L. R. 1410; Simpson v. Burnham, 209 Iowa 1108, 229 N. W. 679; Chicago & N. W. R. Co. v. Moss, 210 Iowa 491, 231 N. W. 344; Taylor v. Jackson, 213 Iowa 844, 239 N. W. 519; Williams v. Schee, 214 Iowa 1181, 243 N. W. 529; Anthony v. Wagner, 216 Iowa 571, 246 N. W. 748; Lucas v. Ruden, 220 Iowa 494, 260 N. W. 60.

It is also the rule of law in this state that the fact that an estate is solvent and remains open may be taken into account with other circumstances in determining whether the claimant shall have equitable relief against the statutory bar, but the fact alone that an estate is solvent and still unsettled is not sufficient to entitle claimant to equitable relief. Roaf v. Knight, 77 Iowa 506, 42 N. W. 433; In re Jacob's Estate, 119 Iowa 176, 93 N. W. 94; Anderson v. Storie, 208 Iowa 1172, 227 N. W. 93, 66 A. L. R. 1410; Simpson v. Burnham, 209 Iowa 1108, 229 N. W. 679; Chicago & N. W. R. Co. v. Moss, 210 Iowa 491, 231 N. W. 344; Taylor v. Jackson, 213 Iowa 844, 239 N. W. 519; Williams v. Schee, 214 Iowa 1181, 243 N. W. 529; Anthony v. Wagner, 216 Iowa 571, 246 N. W. 748; Lucas v. Ruden, 220 Iowa 494, 498, 260 N. W. 60, 62.

In the latter case, this court recently said: "The record shows that the estate * * * is still open and that it is solvent. While these circumstances should be given consideration by the court, it is well settled *that they are not the peculiar circumstances* entitling the claimant to equitable relief that are referred to in the statute, and this is admitted by the appellee."

Moreover, "no general rule can be laid down in cases of this character. Each case must be determined upon its own peculiar circumstances." Anderson v. Storie, 208 Iowa 1172, loc. cit. 1178, 227 N. W. 93, 96, 66 A. L. R. 1410; Taylor v. Jackson, 213 Iowa 844, loc. cit. 846, 239 N. W. 519.

Section 11972 of the Code of 1931 requires both that claims of the fourth class be filed *and that a notice of the hearing thereof as provided in section 11959 be served within twelve months* after the publication of the notice of appointment of the executor, and that a failure to file such claim *or give such notice* shall be a bar to the claim, "unless peculiar circumstances entitle the claimant to equitable relief."

A review of the evidence shows that the executor gave notice of his appointment as such on July 26, 1933, and therefore the first year for filing claims expired July 26, 1934. The evidence shows without dispute that, within a month after his appointment, the executor, who was president of the South Ottumwa Savings Bank, called the claimant into his office, for the purpose of assisting him in preparing an inventory in the estate; that Mrs. Meier had the keys of the decedent's safety deposit box, opened it, and read off the numbers of the stocks and bonds

therein to the executor, who listed them in his inventory as property of the estate. She was then advised and knew that they were so listed. The evidence also shows that, although said stocks and bonds were so listed, the claimant herein at that time and at numerous other times advised the executor that Mrs. Briggs had given her the keys to the safety deposit box, and had told her that all stocks and bonds contained in the box not necessary for her keep during her lifetime were to be the property of the claimant. Notwithstanding this situation, the evidence shows without conflict that the executor long prior to the expiration of the year for filing claims had several times told Mrs. Meier to see an attorney and file her claim. There is no testimony on the part of claimant tending to show that the executor ever admitted the correctness of the claim. On the contrary, the original claim filed was introduced in evidence and bears the indorsement that it was rejected by the executor.

There is also testimony tending to show that Mrs. Meier thought a settlement of her claim would be made. There is, however, no testimony tending to show that the executor ever had any talk of a settlement with her. On the contrary, almost every time she spoke to him about her claim, he advised her to get a lawyer and file a claim. It is true, the evidence does show that she had a talk about a settlement with the attorney for the executor, and that he offered to give her one of the $500 bonds in question. This conversation, however, did not take place *until August, 1934, and after the expiration of the year for serving the statutory notice.* It necessarily follows that such conversation would not justify her in failing to serve the statutory notice.

Notwithstanding this evidence, she continued under the impression and belief that, because she had the keys to the safety deposit box, and was in possession of the securities, as long as she was in such possession, under a claim of ownership, it would be unnecessary for her to file a claim, and that such fact *justified her in delaying the filing of her claim,* and as such constitute sufficient peculiar circumstances entitling her to equitable relief. Such facts, however, were asserted as a reason for *not filing her claim sooner,* and not as a reason for failing to give the notice required by section 11972. She relies entirely upon such facts as constituting "peculiar circumstances" entitling her to equitable relief *for not filing her claim sooner.* They are not asserted

as a reason *for not serving the statutory notice,* and no reason whatever is given therefor.

Appellant raises no question about the claim itself not being filed within the twelve months. It was filed in time, but the objection raised is that no statutory notice of the hearing thereof was ever given the executor either before or after the expiration of the first year. The claim was filed on July 10, 1934, and the year for filing the claim and serving the notice required by section 11972 did not expire until July 26, 1934.

The uncontradicted evidence shows that, although the claimant for the greater part of the year understood and relied upon the fact that the securities were hers, it also shows that she placed no further reliance upon such fact *after the last of the securities was demanded by and surrendered to the executor on June 20, 1934.* In her argument appellee says that "she was justified in believing that it was unnecessary for her to *file a claim, and that just as soon as Mr. Evans demanded the keys to the safety box and the stocks and bonds nearly a year after Mrs. Briggs' death, she immediately filed a claim.* That when he took them away, she immediately proceeded to file her claim, and that if he had taken them away sooner, she would have filed her claim sooner." She also says: "As soon as she found out that Mr. Evans was going to claim the bonds, she immediately filed her claim." Without setting out further evidence in detail, it is sufficient to say that the evidence fails to show that there was anything in the acts and conduct of the executor which justified claimant in believing that her claim would be allowed or settled without the necessity of serving the notice required by section 11972.

If she had not surrendered the securities to the executor for the estate until *after* the expiration of the year in which to file claim, she might be heard to say that such circumstances should be considered as sufficiently peculiar to give her equitable relief; but the facts in this case show that more than a month prior to the expiration of the year for filing claims, the executor demanded and secured the surrender of said bonds and certificates for the estate. She then realized it was necessary to file her claim against the estate, which she did on July 10, 1934, and before the expiration of the year. The *filing* of a claim, however, is not sufficient. It was also necessary *to serve notice of the hearing of said claim* as provided in section 11959 of the Code,

and a failure so to do barred the claim. In re Estate of Ring, 132 Iowa 216, 109 N. W. 710; In re Jacob's Estate, 119 Iowa 176, 93 N. W. 94; In re Estate of Fatland, 197 Iowa 1231, 198 N. W. 785; Lucas v. Ruden, 220 Iowa 494, 260 N. W. 60. She does not claim that the failure to give the notice required by section 11972 was in any manner due to the facts which she alleges as peculiar circumstances *for not filing her claim sooner*. Her claim was filed in time, but the difficulty in which she finds herself is that *she gives no reason for failing to give the statutory notice required by section 11972 of the Code*. The executor of the estate claimed the stocks and bonds in question as property of the estate and for the estate at least a month prior to the expiration of the twelve-month period for filing claims.

No other reason is presented in argument why plaintiff's claim should be considered, except those hereinabove set out. The case was tried solely upon the theory that peculiar circumstances existed entitling claimant to equitable relief, and that the circumstances shown were sufficient to relieve her from the necessity of filing her claim sooner. The evidence, however, shows that the claim was filed in plenty of time to have enabled claimant to have served the notice required by section 11972, but no reasons whatever are assigned for failing to give such notice.

For the reasons hereinabove set out, we are constrained to hold that the lower court erred in holding that sufficient peculiar circumstances existed entitling plaintiff to equitable relief. The judgment of the lower court is therefore hereby reversed, and the case is remanded for a decree in harmony herewith.—Reversed and remanded.

DONEGAN, C. J., and ALBERT, ANDERSON, HAMILTON, PARSONS, RICHARDS, and POWERS, JJ., concur.