AUGUST F. HAGEN, Administrator, Appellant, v. PETER NIELSEN, Administrator, Appellee.

No. 44244.

128

APRIL 5, 1938.

OPINION MODIFIED AND REHEARING DENIED SEPTEMBER 23, 1938.

Reynolds, Meyers & Tan Creti, for appellant.

Helmer & Minnich, for appellee.

HAMILTON, J.—Frederick Nielsen, as surety, joined in the execution of two promissory notes, one for $500, on which Jens C. Bruns was the principal, and the other for $800, on which F. C. Niklason was the principal; both notes payable to August J. Hagen. Thereafter, Frederick Nielsen died and Peter Nielsen was appointed administrator of his estate, and on May 23, 1935, published notice of his appointment as provided by law. E. A. Wissler was attorney for said administrator. August J. Hagen also died, and August F. Hagen was appointed administrator of his estate. August F. Hagen, as administrator, also employed Wissler "to draw up the necessary papers and to file a claim against" the estate of Nielsen, "and to do everything necessary in filing and proving the aforesaid claim."

A claim based on said promissory notes was filed January 31, 1936, but said attorney, E. A. Wissler, failed to give notice

of the filing of the claim within the twelve months period allowed by the statute; that during all the time between January 31, 1936, and May 22, 1936, the said E. A. Wissler "was greatly incapacitated by ill health, which illness was continuous and which resulted in his death on May 22, 1936"; that during this period of illness the said E. A. Wissler could not carry on his legal practice and was absent from his place of business a great part of the time; that at the time plaintiff employed Wissler to file his claim, Wissler informed plaintiff he was acting as attorney for the estate of Frederick Nielsen, deceased, and told plaintiff "he would have no difficulty in establishing the said claim and assured him that everything necessary would be done"; that "he would attempt to make collection of the notes from the maker, Jens C. Bruns; that (he) E. A. Wissler knew Bruns and he was certain he would pay the said note"; "that, at a later date, E. A. Wissler informed plaintiff that he was negotiating with Jens C. Bruns and F. C. Niklason and that a settlement was in the process of being made".

The foregoing constitutes the entire fact situation, as taken from the petition and amendments, which occurred prior to Wissler's death. Wissler died May 22, 1936, just one day prior to the expiration of the twelve months period for serving notice. The petition further states that August F. Hagen, the claimant, is a resident of South Dakota; "that he did not learn of E. A. Wissler's death until August 1, 1936, and that, thereafter, as soon as he learned of E. A. Wissler's death, he came to Carroll, Iowa, to look after said claim, and employed another attorney to take the proper legal steps to reestablish the same; that this new attorney negotiated with one C. C. Helmer, who was the attorney for the estate of Frederick Nielsen, deceased, and after some deliberation (sic) the said C. C. Helmer decided that the aforesaid claim could not be allowed"; that said estate is solvent and is still pending. This suit was commenced on January 18, 1937, and the original notice of suit was served the same day, and the record fails to show that any notice of the filing of said claim, other than the original notice, was ever served on the administrator of the Nielsen's estate. The petition further states that claimant did not know that notice of said claim had not been filed "until long after E. A. Wissler's death, and, at which time, the time had expired for giving notice."

Such is the showing made and upon this showing appellant

contends there existed peculiar circumstances which entitles him to equitable relief under section 11972 of the Code. The matter was presented to two different judges, presiding at different terms of the district court, both of whom, by separate rulings, one before the last two amendments to the petition were filed and the other afterwards, held there was no showing of diligence after claimant learned of the death of his attorney and of the fact that no notice had been given of the filing of his claim. Citing, in support of the ruling, Lucas v. Ruden, 220 Iowa 494, 260 N. W. 60.

The ruling of the trial court was based on our recent pronouncement in Lucas v. Ruden, 220 Iowa 494, 260 N. W. 60. In this case, as was the fact in the Lucas case, the only question involved is whether or not there was a showing of ''peculiar circumstances'' such as to entitle the claimant to equitable relief. The opinion in the Lucas case was by a divided court, and on the question of diligence in bringing the claim on for hearing, after it was known by the administrator of the claimant that notice had not been given within the twelve months period, is distinguishable from the instant case. In the Lucas case, the claimant died about one month before the expiration of the twelve months limitation period, and there was no administrator appointed of claimant's estate, and hence no one to give notice until after the year had expired. Absolutely nothing was done to bring the matter to the attention of the court by serving notice until more than a year had expired after the administrator of the claimant was appointed. In the instant case, the claimant did not die, but the attorney, Mr. Wissler, to whom claimant had entrusted the business of looking after every necessary thing in filing and proving his claim, died one day before the year expired. However, claimant did not learn of his attorney's death until August 1, 1936. Upon learning of his death, he went immediately to Carroll, Iowa, and employed another lawyer; this lawyer interviewed opposing counsel, and, after some negotiations and deliberation, they were unable to come to any amicable adjustment of the matter; opposing counsel deciding that the claim could not be allowed. Nothing more was done until January 18, 1937, five months and eighteen days from August 1, 1936, the date that claimant first discovered his attorney, Mr. Wissler, was dead, when this suit was commenced by serving notice on the administrator and filing petition in

equity setting up the aforesaid equitable grounds. No question was raised as to the procedure adopted. A statute of limitations should not be lightly set aside and some show of diligence must appear when knowledge was brought home to the claimant that the year had gone by and more than three months had expired and no notice had been served within the year. It was then up to the claimant to act with diligence and make a showing of "peculiar circumstances", if any there be, excusing the failure to comply with the law. It was for lack of showing of such diligence that the trial court dismissed the petition. We think it can be fairly said that claimant himself was not lacking in diligence after he discovered his predicament and, certainly, up to the time he discovered the facts, the showing of equitable circumstances was sufficient. He lived outside of the State of Iowa and, of necessity, had to rely upon his attorney. While not receding from our holding in the Lucas case, we do not care to further extend the doctrine therein announced to apply to the facts in the instant case. As said in the early case of Johnston v. Johnston, 36 Iowa 608, "each case must be determined upon its own peculiar circumstances". A most controlling consideration is that the estate remains unsettled and is solvent, and there is no showing that the delay has or will work any injustice to others having a higher or equal claim upon the funds of the estate. Lamm v. Sooy, 79 Iowa 593, 44 N. W. 893. Under such circumstances we have never required a strong showing of peculiar circumstances entitling claimant to equitable relief. Meier v. Estate of Briggs, 221 Iowa 482, 265 N. W. 189.

While this might be said to be a borderline case, and we do not wish to be understood as wholeheartedly approving the conduct of counsel in waiting nearly six months before serving notice, yet, a majority of the court as now constituted are inclined, under the peculiar circumstances shown, to permit this claimant to file and prove his claim. The case is accordingly reversed and remanded to the district court for further proceedings as if the motion to dismiss had been by the trial court overruled.—Reversed and remanded.

STIGER, C. J., and RICHARDS, MILLER, SAGER, DONEGAN, and MITCHELL, JJ., concur.